914 P.2d 1353

The STATE of Arizona, Appellee,

v.

Juan Antonio MUNIZ–CAUDILLO,
Appellant.

No. 2 CA–CR 94–0377.

Court of Appeals of Arizona,
Division 2, Department B.

March 29, 1996.

Grant Woods, Attorney General by Paul J. McMurdie and Colleen L. French, Phoenix, for Appellee.

Tamara R. Walters, Tucson, for Appellant.

## OPINION

HATHAWAY, Judge.

Appellant was tried by a jury *in absentia* and found guilty of unlawful offer to sell a narcotic drug, unlawful possession of a narcotic drug, possession of a deadly weapon during the commission of a felony drug offense, and conspiracy to commit a class two felony. Appellant was arrested almost one year after the trial's conclusion and he was sentenced to presumptive, concurrent prison terms of four years on the possession of a deadly weapon conviction and seven years on the remaining convictions. The sole issue raised on appeal is whether the trial court abused its discretion in finding that appellant had voluntarily waived his right to be present at his trial.

The relevant facts are as follows. Appellant was charged by indictment on December 13, 1991. He was subsequently released to the custody of pretrial services. He was arraigned on December 27, 1991, at which time a not guilty plea was entered on appellant's behalf and a pretrial conference was set for February 20, 1992. Additionally, appellant received a copy of the arraignment minute entry which modified the conditions of his release to require him to be present at the pretrial conference.

On February 11, a bench warrant was issued because appellant had failed to comply with the conditions of his release to pretrial services. Appellant did not appear for his pretrial conference on February 20 and counsel informed the court that he had not had

contact with him. Pursuant to Pima County Local Rule 28, 17B A.R.S., the court set the case for trial on May 5. After numerous continuances, the trial eventually commenced on August 4 and proceeded to judgment in appellant's absence. Appellant was later arrested on a bench warrant and had an initial appearance on June 7, 1994. He was sentenced on July 13 and filed a timely appeal. We find no abuse of discretion in the trial court's decision to go forward with appellant's trial *in absentia.*

■■■ The trial court may infer that a defendant's absence is voluntary if the defendant had personal knowledge of the time of the proceeding, his right to be present, and the warning that the proceeding would take place in his absence if he failed to appear. *State v. Tudgay,* 128 Ariz. 1, 623 P.2d 360 (1981); Ariz.R.Crim.P. 9.1, 17 A.R.S. While appellant did not have actual notice of his original trial date or any of the continued trial dates, the record shows that appellant was told by the judge: "Make sure that you appear for that scheduled court date. If you do not, a warrant for your arrest could issue and the matter could go on in your absence." He was released on his own recognizance, did not appear at the pretrial conference at which the original trial date was set, and failed to keep in contact with trial counsel to ascertain his trial date. Appellant never contacted either trial counsel or pretrial services to determine the status of his case and apparently only learned about the verdicts when he was arrested on another charge in June 1994.

The instant scenario is similar to that addressed in *State v. Superior Court (Ochoa),* 183 Ariz. 139, 901 P.2d 1169 (App.1995). As in *Ochoa,* the appellant here, although technically without personal notice of his trial date, failed to appear at any subsequent proceedings or keep in contact with trial counsel to ascertain his trial date. After his arrest, he was given an opportunity to explain his absence and while counsel told the court appellant was afraid of a codefendant, no argument was made that his absence was involuntary. The evidence does not refute the Rule 9.1 inference that appellant's absence was voluntary. *See State v. Cook,* 115 Ariz. 146, 564 P.2d 97 (App.1977), *supplemented,* 118 Ariz. 154, 575 P.2d 353 (App.1978). These facts, combined with the court's admonition that the proceedings would go forward in his absence, lead to the conclusion that the trial court did not abuse its discretion in finding that appellant had voluntarily absented himself from trial and had waived his right to be present.

We have reviewed the entire record before us for fundamental error and have found none. Therefore, the judgment of convictions and the sentences imposed are affirmed.

DRUKE, C.J., and ESPINOSA, P.J., concur.