NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

VANCE EDWARD BRADLEY, *Appellant*.

No. 1 CA-CR 14-0229
FILED 9-3-2015

Appeal from the Superior Court in Maricopa County
No. CR 2012-138001-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

Vance Edward Bradley, Buckeye
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**D O W N I E**, Judge:

**¶1**        Vance Edward Bradley appeals his conviction for possession or use of dangerous drugs (methamphetamine).  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Bradley filed a supplemental brief *in propria persona* that we have considered.  For the following reasons, we affirm, though we correct the minute entry from the sentencing hearing to reflect five historical felony convictions instead of six.

**FACTS AND PROCEDURAL HISTORY**[1]

**¶2**        Officer Montoya was on patrol in a marked police vehicle when she noticed a Nissan with inoperable brake lights.  She activated her squad car's lights and siren, but the Nissan did not stop.  A second police unit pulled alongside the vehicle and motioned for the driver to pull over, which she did.  Bradley was in the passenger seat.

**¶3**        Officer Montoya noticed the ignition had been "punched" and had a piece of metal protruding from it, which often indicates a stolen vehicle.[2]  The officers asked the Nissan's occupants to step out of the vehicle.  As Officer Montoya went to remove a utility knife that Bradley had on his person, Bradley reached for the knife and pulled away.  As a result, Officer Montoya handcuffed him.

---

[1]        "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant."  *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997).

[2]        The officers later determined the car was not stolen.

¶4　　　　Officer Montoya obtained Bradley's consent to search him. She found "close to a thousand dollars" in cash in his pocket. When asked about the cash, Bradley stated, "I just got paid." As Officer Montoya was checking Bradley's information, he stated, "The cash is legit. . . . I got my check in my wallet. You can look." Officer Montoya removed Bradley's wallet from his pocket and saw a small baggie containing a substance she suspected to be methamphetamine. Officer Montoya said, "I found your meth," whereupon Bradley responded that he found the baggie on the floor of the car. When Officer Montoya related Bradley's explanation to the driver, she began yelling at him, and Bradley then said that he found the baggie on the ground.

¶5　　　　Bradley was charged with one count of possession or use of dangerous drugs (methamphetamine), a class four felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3407(A)(1). He filed a motion to suppress, arguing the officer lacked justification for reaching into his pocket. After an evidentiary hearing, the trial court denied the suppression motion.

¶6　　　　Bradley failed to appear for his first trial, which ended in a mistrial. Approximately a month later, a second jury trial commenced—again in Bradley's absence. The jury returned a guilty verdict.

¶7　　　　Bradley was subsequently apprehended on the bench warrant. The court held a consolidated status conference and sentencing hearing. Bradley made an oral motion to waive counsel and represent himself. The court recessed for just under an hour to give Bradley time to review a waiver of counsel form and then questioned Bradley about his request. Based on Bradley's responses, the court found that his waiver of counsel was not voluntary and denied it. Sentencing proceeded, with Bradley represented by counsel. The court sentenced Bradley to a mitigated term of seven years' imprisonment, with 236 days of presentence incarceration credit. Bradley timely appealed.

**DISCUSSION**

¶8　　　　We have read and considered the briefs submitted by appellate counsel and Bradley and have reviewed the entire record. *See Leon*, 104 Ariz. at 299–300, 451 P.2d at 880–81. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory range. The jury was properly impaneled and instructed. The

jury instructions were consistent with the offense charged. The record reflects no irregularity in the deliberation process.

## I. Substantial Evidence

**¶9**      The record includes substantial evidence to support the jury's verdict. *See State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981) (In reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict."). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003).

**¶10**      The State was required to prove beyond a reasonable doubt that Bradley: (1) knowingly possessed or used a dangerous drug, and (2) the substance was in fact a dangerous drug. *See* A.R.S. §§ 13-3401(6), –3407(A)(1). Officer Montoya testified she retrieved the baggie at issue from Bradley's person, and the parties stipulated that the substance in the baggie tested positive for methamphetamine, a dangerous drug. The court read this stipulation to the jury.

## II. Trial *In Absentia*

**¶11**      Under the Sixth and Fourteenth Amendments to the United States Constitution and Article 2, Section 24, of the Arizona Constitution, a criminal defendant has a right to be present at trial. *State v. Levato,* 186 Ariz. 441, 443, 924 P.2d 445, 447 (1996); *see also* Ariz. R. Crim. P. 19.2 ("The defendant has the right to be present at every stage of the trial . . . ."). A defendant, however, may voluntarily relinquish that right. *State v. Garcia–Contreras,* 191 Ariz. 144, 147, ¶ 9, 953 P.2d 536, 539 (1998). A valid waiver depends on the voluntariness of the absence. *Id.* "The trial court may infer that a defendant's absence is voluntary if the defendant had personal knowledge of the time of the proceeding, his right to be present, and the warning that the proceedings would take place in his absence if he failed to appear." *State v. Muniz-Caudillo,* 185 Ariz. 261, 262, 914 P.2d 1353, 1354 (App. 1996).

**¶12**      Throughout the trial court proceedings, Bradley received warnings, both orally and in writing, that a failure to appear could result in the trial proceeding in his absence. For example, in a minute entry from a September 2012 pretrial conference, the court stated:

A defendant's failure to appear at the comprehensive pretrial conference, the final trial management conference or the trial may result in a bench warrant being issued for his or her arrest and the CPTC and trial being conducted in the defendant's absence.

At a hearing in October 2012, the court set a final trial management conference and trial dates and told Bradley: "[M]ake sure that you appear for those dates, otherwise a warrant will be issued for your arrest, and trial could go forward in your absence."   At the suppression hearing in January 2013, the court warned Bradley:

[U]nless the case is dismissed you're expected back here March 11th and for trial on March 18th.  If you fail to appear either day a warrant could be issued for your arrest.  And if you fail to appear for the trial it could proceed in your absence. . . .  Do you understand that[?]

[THE DEFENDANT]:  Yes, sir I do.

¶13            Bradley failed to appear for a March 2013 pretrial hearing, where the following exchange took place:

THE COURT:   And do you have any knowledge of why [Bradley] failed to appear[?]

[DEFENSE COUNSEL]:   Judge, I saw him in the hallway earlier, we had a discussion with regard to the report from pre-trial services.  And I had to go to two separate courts, I told him I would be back, and he's no longer in the hallway.

THE COURT:  Okay. . . .   I'm going to revoke the current release conditions but I'm going to affirm all the trial dates, the current dates [Bradley] has.  He received notice of those when he was here March 11th.

¶14            Bradley also failed to attend an April 8, 2013 hearing, despite being present when it was set.  Defense counsel stated that Bradley had been in contact with his office and counsel requested a continuance.  The following exchange took place:

THE COURT:  . . . The real question is whether the State would intend to try him in his absence.

[PROSECUTOR]: And the State would, Your Honor. Not at the last scheduled [trial management conference], but the one before that, you gave him an advisement on the record that went pretty in depth about what could happen if he failed to show up at the trial management conference. He was aware of that. Despite that fact, he hasn't shown up. The State is prepared to try him in absentia.

THE COURT: Okay. But is anybody concerned about notice issues if I were to . . . continue this. I just want to be clear on the record.

[PROSECUTOR]: And during that advisement, Your Honor, you made him aware that the trial date -- you made him aware of the trial date that was set and you told him . . . your defense attorney might have to continue that trial date and it's your responsibility to keep in touch and make sure you're updated of wherever the case is continued to and find out the new trial date. So that was told to the defendant on the record.

¶15 Under these circumstances, the trial court did not err by conducting the trial *in absentia*. *See Muniz-Caudillo*, 185 Ariz. at 262, 914 P.2d at 1354 (affirming voluntary absence when defendant received a warning and "was released on his own recognizance, did not appear at the pretrial conference at which the original trial date was set, and failed to keep in contact with trial counsel to ascertain his trial date").

**III.    Sentencing**

¶16 Bradley argues his sentence is illegal because certain prior convictions were improperly classified as prior historical felonies. An illegal sentence generally constitutes fundamental error. *State v. Soria*, 217 Ariz. 101, 102, ¶ 4, 170 P.3d 710, 711 (App. 2007).

¶17 Bradley stipulated to the existence of five prior felony convictions. Defense counsel clarified that, "although my client is stipulating to the priors, we're not stipulating as to whether they're considered historical priors for sentencing purposes." The court determined that Bradley had five historical priors. A discrepancy exists, however, between the oral finding of five priors and the minute entry, which reflects six priors. "When a discrepancy between the trial court's oral pronouncement of a sentence and the written minute entry can be clearly resolved by looking at the record, the [o]ral pronouncement in

open court controls over the minute entry." *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38, 291 P.3d 974, 982 (2013). When the discrepancy cannot be resolved by reference to the record, a remand for clarification of sentence is appropriate. *State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App. 1992).

¶18 Here, reference to the record supports the oral pronouncement of sentence. Because the oral pronouncement controls, Bradley should have been sentenced based on five historical priors. Additionally, the sixth prior listed in the minute entry is ineligible as a historical prior under A.R.S. § 13-703(L), which states, "Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction . . . ." The sixth prior felony listed in the minute entry was committed on the same date and under the same cause number as the first prior felony. Thus, we vacate that portion of the sentencing minute entry listing "Theft, a class 3 Non Dangerous felony committed on 8/22/1987 and convicted on 1/21/1988 in Maricopa County Superior Court cause number CR1987-008028" as a historical prior felony. *See State v. Veloz*, 236 Ariz. 532, 538, ¶ 21, 342 P.3d 1272, 1278 (App. 2015) (appellate court may order the minute entry corrected if the record clearly identifies the intended sentence).

¶19 Even without the sixth felony, Bradley was correctly sentenced under A.R.S. § 13-703(J). Seven years' imprisonment is a mitigated term for a class four felony under a category three repetitive offense. *Id.* As Bradley's appellate counsel acknowledges, "The trial court reached a legal and correct sentence despite the technical errors or misspeaking about the number of priors which happened here, such that counsel has not raised this as an issue on appeal."

¶20 Bradley argues two of his prior felonies are not historical priors because they occurred in the 1980s and have "expired." Under A.R.S. § 13-105(22), many historical prior felony convictions include a time limit; certain felonies older than five or ten years are not eligible for use as historical prior felonies for sentencing purposes. *See, e.g.*, A.R.S. § 13–105(22)(b) (ten year time limit), –105(22)(c) (five year time limit). However, A.R.S. § 13-105(22)(d) defines a historical prior as "[a]ny felony conviction that is a third or more prior felony conviction." Our jurisprudence has interpreted this subsection to apply chronologically:

> [O]nce a person has been convicted of three felony offenses, the third in time can be used to enhance a later sentence, regardless of the passage of time. We conclude that

applying subsection 13-604.U.1(d) [a former version of 13–105(22)(d)] only to felony convictions that are chronologically the third or more in time is consistent . . . with the statute's purpose . . . .

*State v. Garcia*, 189 Ariz. 510, 515, 943 P.2d 870, 875 (App. 1997). Thus, to be classified as a historical prior felony under A.R.S. § 13-105(22)(d), a court must count forward chronologically from the oldest prior conviction to the newest. *See State v. Decenzo*, 199 Ariz. 355, 358, ¶ 9, 18 P.3d 149, 152 (App. 2001).

¶21 Bradley's third, fourth, and fifth chronological felonies were all class six felonies committed in 2003, 2004, and 2005, respectively. They were not eligible as prior historical felonies under A.R.S. § 13–105(22)(c), which allows class six prior felonies "committed within the five years immediately preceding the date of the present offense" to be used as prior felonies for sentencing. But these felonies are allowable as third or more prior felony convictions under A.R.S. § 13-105(22)(d).

¶22 Bradley challenges his two prior felonies for drug paraphernalia, stating, "Because the [two drug offenses] arise from a drug court matter, are beyond statutory time frames, are concurrent in Nature, and because said are not legally considered a substance abuse offense, said are improper as to their use as a sentence enhancement factor." Bradley also questions "[w]hether Prop. 200 drug convictions may be used as prior felonies, considering they cannot result in a prison sentence of more than one year."

¶23 As discussed *supra*, the two drug-related convictions were properly considered prior historical felonies under A.R.S. § 13-105(22)(d). The fact that these priors are drug offenses does not prohibit their use as prior historical felonies. A.R.S. § 13-901.01(H)(1), (4) states that a person is ineligible for probation on a drug charge if the court finds he was "convicted three times of personal possession of a controlled substance or drug paraphernalia" or was convicted of personal possession of methamphetamine. Proposition 200 allows certain drug offenses committed on the same occasion to be treated as one offense for sentencing purposes. *See State v. Reinhardt*, 208 Ariz. 271, 275, ¶ 15, 92 P.3d 901, 905 (App. 2004) (counting three drug convictions for offenses committed on the same occasion as one "time" of conviction for Proposition 200 sentencing purposes). Though committed within the same year, the prior drug offenses were committed on different days and have different cause numbers. *See State v. Flores*, 236 Ariz. 33, 35–36, ¶¶

6–9, 335 P.3d 555, 557–58 (App. 2014) (offenses committed days apart on different victims were not committed on the same occasion for sentencing purposes).

## IV.     Testimony

**¶24**         Bradley contends Officer Montoya offered perjured testimony, which the prosecutor "presented and vouched, condoned and supported." Bradley offers an alternative version of the facts presented at trial. However, resolving disputed factual issues is the province of the trial court; appellate courts do not reweigh evidence on appeal. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). Additionally, mere inconsistencies between an officer's police report and testimony do not establish perjury. *Cf. State v. Brazil*, 18 Ariz. App. 545, 546–47, 504 P.2d 76, 77–78 (1972) (inconsistencies in officer's testimony did not amount to perjury).

## V.     Counsel Issues

**¶25**         The right to waive counsel and proceed *in propria persona* is a constitutionally guaranteed right. *State v. Cook,* 170 Ariz. 40, 48, 821 P.2d 731, 739 (1991). Similarly, the right to be effectively assisted by counsel is constitutionally protected. *See State v. Schaaf,* 169 Ariz. 323, 330, 819 P.2d 909, 916 (1991). "The trial court strikes a balance between these two seemingly conflicting rights by assuring itself that a defendant proceeds *in propria persona* knowingly, intelligently, and voluntarily." *State v. Russell,* 175 Ariz. 529, 532, 858 P.2d 674, 677 (App. 1993).

**¶26**         The record here supports the trial court's finding that Bradley did not voluntarily waive counsel. During an extensive colloquy, the following exchange took place:

> THE COURT: Do you have any questions about anything that relate[s] to representing yourself? . . .
>
> THE DEFENDANT: No, sir.
>
> THE COURT: You still want to give up your right to counsel and represent yourself?
>
> THE DEFENDANT: I don't have a choice.
>
> THE COURT: Did anyone force you to make that decision then, if you don't have a choice?

THE DEFENDANT:  Incompetent ineffective assistance of counsel.

THE COURT:  I see.  Anyone threaten you?

THE DEFENDANT:  Well, if not doing nothing, subjecting me to a penalty that's outrageous under the circumstances of this case, I would say that's obvious.

THE COURT:  Okay.  Are you doing this voluntarily and of your own free will?

THE DEFENDANT:  I have no choice.

THE COURT:  Okay.  If you don't have a choice then you're not doing it voluntarily and I can't grant your motion.

THE DEFENDANT:  I have no choice but to do it this way.  You denied my motion, my substantive motions because I'm not representing myself.

. . . .

THE COURT:  . . .  Are you doing this -- are you requesting this waiver voluntarily and of your own free will?

THE DEFENDANT:  I'm left with no choice.

THE COURT:  Okay.  Then I can't grant your motion, sir.  So your motion to represent yourself is denied.

¶27        Under Rule 6.1(c), the court must find that a defendant "knowingly, intelligently and voluntarily desires" to forego counsel.  Bradley would not confirm that his waiver was voluntary and, in fact, insisted the contrary was true.  Under these circumstances, the court did not err in denying his request to waive counsel.

¶28        We decline to address Bradley's contentions that defense counsel failed to: (1) "put the State's case to proper adversarial testing;" (2) give him a copy of the trial transcript; or (3) communicate sufficiently regarding plea offers.  Ineffective assistance of counsel claims will not be considered on direct appeal.  *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002).

## VI.    Search

**¶29**         Bradley challenges the search that led to seizure of the methamphetamine.  He argues the officer misrepresented material facts, and he denies consenting to the search.  We review the denial of a motion to suppress for an abuse of discretion.  *See State v. Ahumada*, 225 Ariz. 544, 546, ¶ 5, 241 P.3d 908, 910 (App. 2010).

**¶30**         At the suppression hearing, Bradley testified and offered his version of the facts, including his claim he did not give consent for officers to search his wallet.  Officer Montoya, though, testified to the contrary. Faced with conflicting evidence, the trial court expressly found Officer Montoya's testimony credible and determined Bradley had consented to the search.  As noted *supra*, we do not reweigh the evidence on appeal to determine whether we would reach the same conclusion as the trial court. *Guerra*, 161 Ariz. at 293, 778 P.2d at 1189.

## VII.    Stipulation

**¶31**         The parties stipulated at trial that a Phoenix Police Department criminalist tested the substance taken from Bradley and that the criminalist would testify it was a usable quantity of methamphetamine — a dangerous drug.  Bradley questions whether he must "be present and make a knowing, intelligent and voluntary waiver before" making the stipulation because it involved an element of the offense and "[w]hether the person who tested the methamphetamine was qualified to do so." However, "[p]arties routinely stipulate to easily proven facts, and courts encourage such stipulations to narrow issues and to promote judicial economy."  *State v. Allen*, 223 Ariz. 125, 127, ¶ 11, 220 P.3d 245, 247 (2009). A colloquy by the court is not required before a defendant stipulates to elements of the offense.  *Id*. at 128–29, ¶ 14, 220 P.3d at 247–48.

## VIII.   Transcripts

**¶32**         Bradley argues the trial transcript "is devoid of whether or not Jury's questions were answered nor how such answer, if any, was worded."  The record reflects submission of three juror questions.  Two questions were asked by the court after bench conferences with counsel. The transcript includes these questions and the witness' answers.

## IX.    Other Arguments

**¶33**         Defense counsel's brief lists, without elaboration, certain additional issues that "Appellant has requested counsel raise."  We have

reviewed each issue and found no reversible error. Bradley asserts additional errors, but his claims lack clarity, support, or context, such as his assertion that "for a trial court to threaten continued confinement within a county jail where such confinement goes way beyond the statutory period allowed by law, with promise of immediate release therefrom in order to obtain a judgment by plea bargain, the use of a liberty right/interest renders such conviction constitutionally infirm." Although we have considered issues Bradley identifies with some measure of clarity, it is not the role of this court to develop arguments that were not clearly made. *See Ace Auto. Products, Inc. v. Van Duyne*, 156 Ariz. 140, 143, 750 P.2d 898, 901 (App. 1987).

**CONCLUSION**

**¶34** We affirm Bradley's conviction and sentence as modified. Counsel's obligations pertaining to Bradley's representation in this appeal have ended. Counsel need do nothing more than inform Bradley of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). On the court's own motion, Bradley shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama