NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

JOHNNY ANTHONY GURULE,
*Appellant.*

No. 1 CA-CR 14-0578
FILED 1-7-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-003244-001
The Honorable Thomas L. LeClaire, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Kyle T. Green PLLC, Phoenix
By Kyle T. Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

**¶1**        Johnny Anthony Gurule appeals his conviction of one count of aggravated criminal damage, a class five felony with two prior felony convictions, one count of theft, a class one misdemeanor, one count of trafficking in stolen property in the first degree, a class two felony with two prior felony convictions, and the resulting sentences. Gurule's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), indicating he has searched the entire record on appeal and has found no arguable questions of law that are not frivolous. Counsel requests this court review the entire record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Gurule was afforded the opportunity to file a supplemental brief in propria persona, but did not do so. However, through his attorney, he raises two issues which we address below. After reviewing the entire record, we affirm Gurule's convictions and the resulting sentences.

**¶2**        We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 and 13-4031 and -4033.A (West 2015).[1] Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶3**        In 2012, Glendale Police Department officers began surveilling Frank Lopez. In October 2012, officers obtained a warrant to affix a GPS tracking device to Lopez's vehicle. During the surveillance, officers observed Lopez and Gurule traveling together in Lopez's vehicle.

**¶4**        Officers followed Lopez and Gurule into a Lowe's department store and observed Lopez and Gurule purchase blades for a

---

[1]        We cite the current version of the applicable statutes when no revisions material to this decision have since occurred.

reciprocating saw commonly used to cut metal. After leaving Lowes, Officers observed Lopez's vehicle stop next to an abandoned or disabled vehicle parked in a dirt lot. Both Lopez and Gurule exited the vehicle and Lopez carried a reciprocating saw.

¶5            Lopez crawled under the abandoned vehicle and Gurule stood next to the vehicle as a "lookout." Shortly thereafter, Lopez emerged from underneath the vehicle with a catalytic converter and the reciprocating saw. Both Lopez and Gurule returned to Lopez's vehicle and drove away. After Lopez and Gurule left, officers inspected the abandoned vehicle and found the vehicle's catalytic converter had been removed.

¶6            Officers followed Lopez and Gurule to a recycling center. Lopez testified at trial that he sold the catalytic converter to the recycling center for $80 while Gurule remained inside the vehicle. During trial, a recycling center employee testified that both Lopez and Gurule arrived, a sale involving a catalytic converter took place, but that only Lopez got out of the vehicle. Officers later verified that the catalytic converter sold to the recycling center belonged to the abandoned vehicle.

¶7            Gurule  was charged with count one, theft, a class one misdemeanor; count two, trafficking in stolen property in the first degree, a class two felony; count three, aggravated criminal damage, a class five felony; count four, theft, a class one misdemeanor; and count five, trafficking in stolen property in the first degree, a class two felony.[2]

¶8            Although the trial court advised Gurule of his obligation to attend trial, and Gurule was aware of his obligation, Gurule absconded before the verdict and aggravated factors phases of trial. The trial court subsequently issued a bench warrant for Gurule's arrest. The jury found Gurule guilty on count three (aggravated criminal damage), count four (theft), and count five (trafficking in stolen property). The State alleged aggravating circumstances as to counts three and five, and the trial court held an aggravation hearing.[3] The jury returned an aggravated verdict as

_____

[2]        Counts one and two alleged the theft and trafficking of a weed trimmer, for which Gurule was acquitted.

[3]        The State alleged the following aggravated circumstances: (1) the offense involved the presence of an accomplice; (2) the offense caused financial harm to the victim; (3) the defendant committed the offense as consideration for the receipt, or in the expectation of the receipt of anything

to counts three and five, finding all aggravating factors for both counts. The trial court sentenced Gurule to a presumptive sentence of five years' incarceration on count three, 180 days' incarceration on count four, and 15.75 years' incarceration on count five, with all sentences to be served concurrently and awarded him presentence incarceration credit of fifty-six days.

## DISCUSSION

**¶9** We review the sufficiency of evidence "in the light most favorable to sustaining the conviction[.]" *State v. Tison*, 129 Ariz. 546, 552 (1981). All reasonable inferences are resolved against the defendant. *Id.* We will reverse a conviction when there is clearly insufficient evidence to support the jury's conclusion, under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (noting that it is the jury's function, not the court of appeals, to weigh the evidence and to determine credibility).

I.      Counts Three, Four, and Five: Aggravated Criminal Damage, Theft, and Trafficking in Stolen Property

**¶10** The jury convicted Gurule of aggravated criminal damage, theft, and trafficking in stolen property. A person may be found guilty of aggravated criminal damage if the State presents evidence that a person, or an accomplice, intentionally or recklessly, and without the express permission of the owner, defaced, damaged, or tampered any property for the purpose of obtaining nonferrous metals. *See* A.R.S. § 13-1604.A.4. Sufficient evidence supports Gurule's aggravated criminal damage conviction and the jury's subsequent finding of an aggravated verdict. The jury was presented with evidence that Gurule, acting with accomplice Lopez, sawed off a catalytic converter from a victim's vehicle without permission. Detective Goitia testified that as Lopez sawed off the catalytic converter, Gurule "assisted Mr. Lopez by acting as a lookout."

**¶11** Gurule was also convicted of theft. A person may be found guilty of theft if the State presents evidence that a person, or an accomplice, without lawful authority, knowingly controlled the property of another, with the intent to deprive the other person of such property. *See* A.R.S. § 13-1802.A.1. Sufficient evidence supports Gurule's theft conviction. The testimony was that just before sawing off the catalytic converter, Gurule

of pecuniary value; and (4) the offense involved multiple victims in a single incident.

provided Lopez with advice as to the proper blades to cut metal, Gurule stood watch over Lopez, that both Lopez and Gurule entered Lopez's vehicle and drive off together with the catalytic converter.

Lastly, Gurule was convicted of trafficking in stolen property. A person may be found guilty of trafficking in stolen property if the State presents evidence that a person, or an accomplice, knowingly initiates, organizes, plans, finances, directs, manages or supervises the theft and trafficking in the stolen property of another. *See* A.R.S. § 13-2307.B. Sufficient evidence supports Gurule's trafficking in stolen property conviction and the jury's subsequent finding of aggravated circumstances. Detective Goitia testified that after Lopez and Gurule sawed off the catalytic converter and left the scene they drove to a recycling center. A recycling center employee testified that while Gurule remained in the vehicle, Lopez got out of the vehicle, entered the recycling center, and sold the catalytic converter. Thus, we find sufficient evidence supported the jury's verdict on all three counts.

II.     Sentencing

**¶12**     The trial court sentenced Gurule to five years' imprisonment for count three, 180 days' imprisonment for count four, and 15.75 years' imprisonment for count five, to be served concurrently. The trial court found that Gurule had two prior felonies. Because of these prior felonies, Gurule is a category three repetitive offender under A.R.S. § 13-703.C, with four aggravating circumstances under A.R.S. § 13-701.D. The trial court considered these factors and properly imposed the presumptive terms for each count. *See* Ariz. R. Crim. P. 26.13. The trial court also credited Gurule for fifty-six days of presentence incarceration. Because the trial court properly calculated Gurule's sentence and credited him the correct number of days, the sentence was legal.

III.     Defendant's Absence during Trial

**¶13**     Gurule was present at all phases of the trial, except the verdict and aggravation hearing. "The finding of voluntary absence, and, therefore, the existence of a waiver of the right to be present, is basically a question of fact." *State v. Bishop*, 139 Ariz. 567, 569 (1984) (citation omitted). "The trial court may infer that a defendant's absence is voluntary if the defendant had personal knowledge of the time of the proceeding, his right to be present, and the warning that the proceeding would take place in his absence if he failed to appear." *State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996). We review a trial court's decision to proceed in absentia based on a defendant's voluntary absence for an abuse of discretion. *See id.*

¶14       The trial court properly reminded Gurule of his obligation to attend trial and Gurule knew of his obligation.  Based on the foregoing, we conclude the trial court properly inferred Gurule's absence from trial was voluntary and did not abuse its discretion in conducting Gurule's trial in absentia.

IV.      Trial Attorney's Obligations

¶15       Through his appellate attorney, Gurule argues that his "[trial] attorney should have called additional witnesses that were not called and that he should have prevented Mr. Gurule from taking the stand." Ineffective assistance of counsel claims are to be brought in Rule 32 proceedings.  *State v. Spreitz*, 202 Ariz. 1, 3 (2002).  Accordingly, any such ineffective assistance of counsel claims raised in an *Anders* appeal will not be addressed.  *Id.*

**CONCLUSION**

¶16       We have read and considered counsel's brief and carefully searched the entire record for reversible error and have found none.  *See Clark*, 196 Ariz. at 541, ¶ 49.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the jury's findings of guilt.  Gurule was present and represented by counsel at all critical stages of the proceedings except for his voluntary absence from the verdict and aggravation hearing.  The trial court imposed a legal sentence.  At sentencing, Gurule and his counsel were given an opportunity to speak and the court imposed a legal sentence.

**¶17**　　　　Counsel's obligations pertaining to Gurule's representation in this appeal have ended.  Counsel need do nothing more than inform Gurule of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Gurule has thirty days from the date of this decision to proceed, if he desires, with an in propria persona motion for reconsideration or petition for review.

**¶18**　　　　For the foregoing reasons, Gurule's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama