NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ANDREE TABOR, *Appellant*.

No. 1 CA-CR 15-0280
FILED 3-3-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2013-446571-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

¶1          This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Andree Tabor's convictions of six counts of organized retail theft, Class 4 felonies.  Tabor's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Tabor was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Tabor's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2          On six separate occasions in September 2013, Tabor entered a convenience store, took beer from the shelf and left without paying.[1]  Tabor later admitted to detectives she stole the beer for resale.  After Tabor failed to appear for a December 18, 2013, pretrial conference, a bench warrant was issued for her arrest.  Tabor eventually was tried in absentia.  A jury convicted her of six counts of organized retail theft under Arizona Revised Statutes ("A.R.S.") section 13-1819(A)(1) (2016).[2]  The superior court sentenced her to two terms of 1.5 years' incarceration and four terms of three years' incarceration, all running concurrently, with 161 days of credit for presentence incarceration.

---

[1]          Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Tabor.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

[2]          Absent material revision after the date of an alleged offense, we cite a statute's current version.

**¶3**        Tabor timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).

## DISCUSSION

**¶4**        The record reflects Tabor received a fair trial.  She was represented by counsel at all stages of the proceedings against her.

**¶5**        Tabor was tried in absentia.  Under Arizona Rule of Criminal Procedure 9.1, "a defendant may waive the right to be present at any proceeding by voluntarily absenting himself or herself from it," and "[t]he court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his or her absence should he or she fail to appear." *See also State v. Hall*, 136 Ariz. 219, 222-23 (App. 1983) (defendant informed of trial date at arraignment was voluntarily absent by failure to appear at subsequent proceedings).  The court told Tabor at her arraignment and initial pretrial conference that she could be tried in absentia if she failed to appear.  Tabor did not appear for the first comprehensive pretrial conference on December 18, 2013, and was absent from all subsequent proceedings until sentencing on January 28, 2015.  *See State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996) (defendant was found to be voluntarily absent, even without actual notice of trial date, when informed that failure to attend pretrial conference could result in a trial in absentia).  After Tabor absconded, her counsel did not object to her trial in absentia and informed the court during sentencing that her absence had been voluntary.  The prosecutor did not comment on Tabor's failure to appear during trial, and the jury was instructed not to speculate about her absence in determining guilt.

**¶6**        The court held appropriate pretrial hearings.  It did not conduct a voluntariness hearing; however, the record does not suggest a question about the voluntariness of Tabor's statements to police.  *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

**¶7**        The State presented both direct and circumstantial evidence on each of the six counts sufficient to allow the jury to convict.  The jury was properly comprised of 12 members.  The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict.  The jury returned a unanimous verdict, which was confirmed by juror polling.

¶8 The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Tabor was convicted. *See* A.R.S. § 13-703(A), (I) (2016).[3]

**CONCLUSION**

¶9 We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

¶10 After the filing of this decision, defense counsel's obligations pertaining to Tabor's representation in this appeal have ended. Defense counsel need do no more than inform Tabor of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Tabor has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration. Tabor has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3] The record does not allow us to ascertain the number of days of presentence incarceration credit to which Tabor was entitled, but neither party has raised any objections to the award of 161 days' presentence incarceration credit.