NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANDRE F. CARTER, *Appellant*.

No. 1 CA-CR 18-0101
FILED 5-2-2019

Appeal from the Superior Court in Maricopa County
No. CR 2016-124957-001
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

**B R O W N**, Judge:

¶1 This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Andre Carter was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Carter, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2 On August 1, 2015, undercover officers arrested Carter and transferred custody to Officer Glass, who searched Carter and found what he believed to be cocaine. The State then charged Carter with possession or use of narcotic drugs (cocaine base or hydrolyzed (crack) cocaine), a class 4 felony. Ariz. Rev. Stat. ("A.R.S.") § 13-3408(A)(1), (B)(1). Carter was also charged with misconduct involving weapons, a class 4 felony. A.R.S. § 13-3102(A)(4). The weapons charge was severed prior to trial and is not part of this appeal.

¶3 At trial, Officer Glass testified that during the search he found a clear plastic bag inside Carter's sock containing a "rock that appeared to be crack cocaine." When Glass asked Carter what the substance was, Carter admitted it was "crack." Forensic testing later confirmed the substance was cocaine. The jury found Carter guilty as charged, and the superior court sentenced Carter to a presumptive term of 10 years' imprisonment as a class three repetitive offender pursuant to A.R.S. § 13-703(J).[1] Carter timely appealed.

---

[1] The court awarded Carter 59 days of presentence incarceration credit, but he was only entitled to 58 days. The State did not cross-appeal the court's calculation, and thus we have no authority to correct it. *State v.*

¶4 After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Carter was represented by counsel and, except as noted below, was present at all critical stages of the proceedings against him. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Carter's constitutional and statutory rights.

¶5 The record indicates that Carter was not present at several pretrial conferences or the last day of trial, including closing arguments and the return of the verdict. As far as the record reveals, all the absences were voluntary. *See* Ariz. R. Crim. P. 9.1 ("[A] defendant's voluntary absence waives the right to be present at any proceeding."); *State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996) ("The trial court may infer that a defendant's absence is voluntary if the defendant had personal knowledge of the time of the proceeding, his right to be present, and the warning that the proceeding would take place in his absence if he failed to appear."). Nothing in the record indicates Carter was not afforded proper notice of the proceedings he missed, and he was advised repeatedly of the consequences of his failure to appear. Thus, the superior court could properly infer his absences were voluntary. For these reasons, we affirm Carter's conviction and sentence.

¶6 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Carter of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Carter has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

*Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.").