NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES ALAN MELENDEZ, *Appellant.*

No. 1 CA-CR 24-0087

FILED 04-10-2025

Appeal from the Superior Court in Mohave County
No. S8015CR201900268
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

**H O W E**, Judge:

**¶1** This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for James Alan Melendez has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Melendez was convicted of four counts of aggravated driving or actual physical control while under the influence of intoxicating liquor. Melendez was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm his convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Melendez. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

**¶3** On June 30, 2018, around 3:00 pm, police responded to a welfare call about a man slumped over his vehicle's steering wheel in Lake Havasu City. An officer found the vehicle abnormally parked at a 45-degree angle to the curb. Melendez was sitting in the driver's seat with his eyes closed and head drooped slightly forward. The officer observed several empty beer cans around the passenger seat.

**¶4** The officer then roused Melendez, who had a strong odor of alcohol and whose eyes were red and watery. Melendez told the officer that he drove himself to the location. Melendez's speech was very slow. An officer found the car's key in the ignition, which started the car when turned.

**¶5** The officer detained Melendez and placed him in the back of his patrol vehicle. When the officer went back to the vehicle to inform Melendez that he was under arrest, the officer observed that Melendez's

groin area was wet, although it was dry before Melendez entered the vehicle. Once Melendez exited the vehicle, it reeked of alcohol and the seat was wet where Melendez had been sitting.

¶6            At the police station, the officer conducted two field sobriety tests upon Melendez, during both of which Melendez demonstrated signs of impairment. After Melendez refused to provide a breath sample, the officer obtained a search warrant and a phlebotomist drew his blood at 4:17 pm.   Later testing revealed a blood-alcohol concentration of 0.152 with 99.73% certainty that the sample's BAC was between 0.144 and 0.160.

¶7            The State charged Melendez with two counts of aggravated driving while impaired to the slightest degree (driving with a suspended license and third DUI offense), *see* A.R.S. §§ 28-1383(A)(1)–(2), 28-1381(A)(1), and two counts of aggravated driving with a BAC above 0.15 (driving with a suspended license and third DUI offense), *see* A.R.S. §§ 28-1383(A)(1)–(2), 28-1382(A)(1), all class 4 felonies.

¶8            Melendez appeared at arraignment where the court directed him to appear at the initial pre-trial conference, admonished him, and "advise[d] him that his failure to appear at any further hearing will result in the issuance of a bench warrant." The court then released him on his own recognizance on condition that he appear at the pre-trial conference and, during the pendency of the case, "[a]ppear to answer and submit himself to all further orders and processes of the court."  Melendez appeared at that conference as well as a subsequent *Donald* hearing, where the court admonished him again and reaffirmed his release conditions. *See State v. Donald*, 198 Ariz. 406 (App. 2000). At the *Donald* hearing, the court also set a final management conference and trial date.

¶9            Melendez failed to appear at the final management conference, and the court continued the trial date. After Melendez failed to appear at two more management conferences, the court issued a bench warrant for his arrest. Eventually, after several more continuances, Melendez was tried in absentia more than a year after the original trial date.

¶10           At trial, the State presented testimony from the responding officers, the phlebotomist, and the laboratory manager who reviewed Melendez's BAC result. At the close of evidence, Melendez's counsel moved for a directed verdict under Arizona Rule of Criminal Procedure ("Rule") 20. The court partially granted the motion, finding the State did not prove beyond a reasonable doubt that Melendez's BAC was above 0.15, substituted the lesser included charge of aggravated driving with a BAC

above 0.08 for those two charges, and denied the motion on the remaining charges. The jury found Melendez guilty on all four counts.

¶11 Several years after trial, Melendez was arrested and the court conducted sentencing in his presence. The State alleged enhancements and aggravating factors, which it moved to dismiss after it was unprepared to offer evidence. The court granted the motion. Melendez did not present any mitigation evidence. After considering the presentence report and statements made by counsel at sentencing, the court sentenced Melendez to concurrent two-and-a-half year prison terms for each count and gave him forty-one days' presentence incarceration credit. The court noted that, given Melendez's absence from trial and the length of time between trial and sentencing, he would lose the right to appeal if the State proved his absence was voluntary. However, neither the State nor Melendez presented any evidence whether his absence was voluntary or involuntary.

¶12 Melendez timely appealed, and we have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3).

## DISCUSSION

¶13 We review Melendez's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Melendez has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Melendez at all stages of the proceedings, and the sentences imposed were within the statutory guidelines.

¶14 The court did not violate Melendez's right to be present at critical stages of the proceedings by holding the trial in his absence. Rule 9.1 establishes an inference that an absence from a proceeding is "voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." The rule "creates an inference and does not require the trial court to make a finding that a defendant has voluntarily absented himself before proceeding." *State v. Suniga*, 145 Ariz. 389, 391–92 (App. 1985). Further, this Court has held that "the absence of any of the three factors in Rule 9.1" does not prevent an inference of voluntary absence to support a trial in absentia. *State, ex rel. Romley v.*

*Superior Court*, 183 Ariz. 139, 143 (App. 1995). Thus, "it is possible for a defendant to voluntarily absent himself from trial even without actual notice of the continued trial date, under circumstances that indicate he would not appear even if he had known the new trial date." *Id.* at 144.

¶15 Before trial, Melendez was present at arraignment, the initial pre-trial conference, and a *Donald* hearing. At arraignment, the court admonished Melendez and advised him that "his failure to appear at any further hearing will result in the issuance of a bench warrant." He was then released on his own recognizance on condition that he appear at the pre-trial conference and, during the pendency of the case, "[a]ppear to answer and submit himself to all further orders and processes of the court." The court again admonished Melendez and reaffirmed his release conditions at both the pre-trial conference and *Donald* hearing. The court also set a final management conference and trial date at the *Donald* hearing. When Melendez failed to appear at the final management conference, his counsel stated that he had no recent contact with Melendez. The court continued the trial date several times, eventually issuing a bench warrant for Melendez's arrest, and counsel repeatedly averred that he had no recent contact with Melendez. More than a year passed from the original trial date to when he was tried in absentia.

¶16 Thus, although Melendez was "technically without personal notice of his trial date," he failed to appear at any proceedings after the *Donald* hearing or "keep in contact with trial counsel to ascertain his trial date." *State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996). Further, after his arrest at sentencing, counsel stated that he did not have any evidence that Melendez's absence was involuntary. *See id.* Ultimately, Melendez waived his right to be present at these proceedings by his conduct, *see* Ariz. R. Crim. P. 9.1, and the court did not err in deciding to proceed with Melendez's jury trial in his absence. We decline to order briefing and affirm Melendez's convictions and sentences.

¶17 Upon the filing of this decision, defense counsel shall inform Melendez of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Melendez shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶18        For the foregoing reasons, we affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR