932 P.2d 802

**The STATE of Arizona, Appellee,**

v.

**Tommy Gene EVERIDGE, Appellant.**

**No. 2 CA–CR 96–0254.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 10, 1996.

Redesignated as Opinion and
Publication Ordered Jan. 24, 1997.

---

Grant Woods, Attorney General by Paul J. McMurdie and Joseph T. Maziarz, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender by William J. Kirchner, Tucson, for Appellant.

## OPINION

PER CURIAM.

Appellant was convicted after a jury trial of possession of a narcotic drug. He admitted three prior felony convictions while preserving his claim that his 1963 and 1973 convictions did not qualify as historical prior felony convictions pursuant to A.R.S. § 13–604(U).[1] The court found that appellant had two or more historical prior felony convictions and sentenced appellant to the presumptive ten-year prison term. The trial court gave appellant no presentence incarceration credit. Appellant raises three issues on appeal, two of which relate to his sentencing and require that his sentence be vacated.

 Appellant first argues that the court erred when it denied his motion to dismiss the prosecution for preindictment delay in charging him. Appellant was indicted within six months after the commission of the

charged offenses. A defendant claiming that preindictment delay resulted in a due process violation must establish that the prosecution intentionally delayed the proceedings to gain an advantage or to harass and that the delay prejudiced the defendant. *State v. Williams,* 183 Ariz. 368, 904 P.2d 437 (1995); *State v. Broughton,* 156 Ariz. 394, 752 P.2d 483 (1988). Appellant is not able to meet this two-pronged test. Nothing in the record demonstrates that the state intentionally delayed charging appellant to gain an advantage or to harass him. Similarly, appellant is unable to establish that his defense was prejudiced by the delay. "Substantial prejudice" must be shown. *State v. Hall,* 129 Ariz. 589, 633 P.2d 398 (1981). The mere claim that a possible witness might have been found is nothing more than speculation. We find no merit to the argument that the trial court erred when it denied the motion to dismiss the prosecution because of any delay from the time of the offenses until the issuance of the indictment.

 The trial court based its sentence on appellant having two or more historical prior felony convictions, an assumption that increased the presumptive prison term from 4.5 years to ten years. A.R.S. § 13–604(A); A.R.S. § 13–604(C). Appellant admitted he had the following prior convictions: (1) burglary in New Mexico on December 2, 1963; (2) distribution of heroin in Arizona on May 4, 1973; and (3) attempted unlawful possession of a narcotic drug in Arizona, dated May 4, 1995. "Historical Prior Felony Convictions" is defined in A.R.S. § 13–604(U)(1) as:

> (a) Any prior felony conviction for which the offense of conviction:
>
> (i) Mandated a term of imprisonment . . . or
>
> (ii) Involved the intentional or knowing infliction of serious physical injury; or
>
> (iii) Involved the use or exhibition of a deadly weapon or dangerous instrument; or
>
> (iv) Involved the illegal control of a criminal enterprise; or

---

1. Prior to sentencing, appellant's counsel filed a memorandum contending that only appellant's most recent of three prior convictions could be used to enhance the sentence.

48

(v) Involved aggravated driving under the influence ... or

(vi) Involved any dangerous crime against children....

(b) Any class 2 or 3 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the ten years immediately preceding the date of the present offense....

(c) Any class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense....

(d) Any felony conviction that is a third or more prior felony conviction.

The state concedes that the trial court erred when it determined that appellant had three historical prior felony convictions but maintains that appellant suffered no prejudice because he did have two historical prior felony convictions and was sentenced accordingly. However, appellant has only one prior historical conviction for purposes of the statute. Since appellant had three prior felony convictions, only one of them could have been encompassed by A.R.S. § 13–604(U)(1)(d), and it does not matter if it is the third conviction chronologically or not. Appellant's remaining two priors would have to be encompassed in (a), (b) or (c) to constitute historical prior felony convictions.[2] They are not. It is clear that our legislature did not desire to treat all prior felony convictions identically for enhancement purposes. Appellant should have been sentenced as having only one prior conviction rather than two or more and a remand for resentencing is required.

■ Appellant's final argument is that the trial court erred when it denied him presentence incarceration credit for the five days he was held in jail from the time of his arrest until he was released on bond. He is correct. A.R.S. § 13–709(B); *State v. Cruz–Mata*, 138 Ariz. 370, 674 P.2d 1368 (1983). The state concedes appellant is entitled to such credit.

The trial court is therefore directed to include the credit in its order of resentencing.

The judgment of conviction is affirmed. However, the sentence is vacated and the case is remanded for resentencing in accordance with this decision.

---

2. The state contends that appellant's 1995 conviction falls within subsection (c). However, under that subsection, the offense must be committed within the five years immediately preceding the date of the instant offense. However, the "prior" offense was committed after the instant offense and, therefore, it cannot be a prior historical felony conviction under that subsection.