943 P.2d 870

**STATE of Arizona, Appellee,**

v.

**Fernando Ramon GARCIA, Appellant.**

**Nos. 1 CA–CR 96–0332, 1 CA–CR 96–0333.**

Court of Appeals of Arizona,
Division 1, Department C.

May 22, 1997.

Review Denied Sept. 16, 1997.*

---

* Jones, V.C.J., and Martone, J., voted to grant review.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Joseph T. Maziarz, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

McGREGOR, Chief Judge.

In these consolidated appeals, we examine the use of historical prior felony convictions as a basis for sentence enhancement under Arizona Revised Statutes Annotated ("A.R.S.") section 13–604 (Supp.1996). Specifically, we consider what constitutes a "third or more prior felony conviction" under A.R.S. section 13–604.U.1(d).

### I.

Fernando Ramon Garcia ("defendant") was convicted of theft, a class 5 felony, on February 26, 1996. At trial, defendant admitted to three prior felony convictions. The dates of defendant's prior convictions, all class 4 felonies, were April 17, 1985 ("April 1985 conviction"); July 12, 1985 ("July 1985 conviction"); and December 23, 1992 ("1992 conviction").

On March 28, 1996, a jury convicted defendant of another charge of theft, a class 3 felony. Following a separate trial, the jury further found that defendant previously had been convicted of the three prior felony offenses.

At the sentencing for the two theft convictions, the trial court ruled that defendant's three prior convictions constituted two historical prior felony convictions, as defined by A.R.S. section 13–604.U.1. Pursuant to A.R.S. sections 13–604.C and .D, the court sentenced defendant to concurrent, presump-

tive terms of 11.25 years on the class 3 felony conviction and 5 years on the class 5 felony conviction.

Defendant timely appealed his convictions and sentences. Because the appeals involve a common issue of law, we granted defendant's motion to consolidate.

## II.

Defendant's sole argument on appeal is that the trial court erred in concluding that his three prior convictions constituted two "historical prior felony convictions" for purposes of enhanced sentencing under A.R.S. section 13–604. Defendant concedes that his 1992 conviction constitutes a historical prior but argues that neither of his 1985 convictions falls within the purview of A.R.S. section 13–604.U.1. Our analysis of the statute, including its spirit and purpose, leads us to agree with defendant.

The subsections of section 13–604.U.1 define four categories of convictions as "historical prior felony convictions": (a) any prior felony conviction that falls within one of six specific types of offenses; (b) any class 2 or 3 felony, not addressed in subsection (a), committed within ten years of the present offense; (c) any class 4, 5, or 6 felony, not addressed in subsection (a), committed within five years of the present offense; and (d) any third or more prior felony conviction.[1]

Subsections (a) and (b) clearly do not apply, since none of defendant's convictions is for an offense listed in subsection (a) and none is for a class 2 or 3 felony. His prior convictions therefore constitute "historical prior felony convictions" only if they fall under subsection (c) or (d).

As indicated, defendant concedes that his 1992 conviction, for a class 4 felony offense committed in the five years immediately preceding the present offenses, is a "historical prior felony conviction" under subsection (c). While defendant's 1985 convictions were also for class 4 felonies, neither of these convictions qualifies as a historical prior under subsection (c) because neither offense was committed within five years of the current offenses. Thus, the 1985 convictions can be "historical prior felony convictions" only if one of them qualifies as a "third or more prior felony conviction" under subsection (d).

At sentencing, defendant argued against such application, asserting that his first prior felony conviction must be the conviction most remote in time. Therefore, the April 1985 conviction was his "first" prior felony conviction, the July 1985 conviction was his "second" prior conviction, and the 1992 conviction was his "third prior felony conviction." However, because the 1992 conviction could not be "double-counted," both as a class 4 prior felony conviction under subsection (c) *and* as a "third or more prior felony conviction" under subsection (d), defendant argued that he had only one "historical prior felony conviction" for purposes of sentence enhancement. Under this interpretation, defendant's sentence would have been 6.5 years, rather

---

1. Section 13–604.U.1 defines "historical prior felony conviction" as:

   (a) Any prior felony conviction for which the offense of conviction:
   (i) Mandated a term of imprisonment except for a violation of chapter 34 of this title involving a drug below the threshold amount; or
   (ii) Involved the intentional or knowing infliction of serious physical injury; or
   (iii) Involved the use or exhibition of a deadly weapon or dangerous instrument; or
   (iv) Involved the illegal control of a criminal enterprise; or
   (v) Involved aggravated driving under the influence of intoxicating liquor or drugs or driving while under the influence of intoxicating liquor or drugs with a suspended, canceled, revoked or refused driver license; or
   (vi) Involved any dangerous crime against children as defined in § 13–604.01.
   (b) Any class 2 or 3 felony, except the offenses listed in subsection (a) of this paragraph, that was committed within the ten years immediately preceding the date of the present offense. Any time spent incarcerated is excluded in calculating if the offense was committed within the preceding ten years.
   (c) Any class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense. Any time spent incarcerated is excluded in calculating if the offense was committed within the preceding five years.
   (d) Any felony conviction that is a third or more prior felony conviction.
   A.R.S. § 13–604.U.1 (footnote omitted).

than 11.25 years, for the class 3 felony, and 2.25 years, rather than 5 years, for the class 5 felony.

■ Rejecting defendant's arguments, the trial court concluded that either of defendant's 1985 convictions could serve as a "third" prior conviction under subsection (d). The court reasoned that a "third prior conviction" could be any one of three convictions rather than only a conviction third (or more) in time. Because the trial court based its ruling on its interpretation of section 13–604.U.1(d), we review that ruling *de novo*. *See Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

### A.

■ In construing a statute, our goal is "to fulfill the intent of the legislature that wrote it." We first consider the statute's language "because we expect it to be 'the best and most reliable index of a statute's meaning.'" When the statute's language is not clear, we determine legislative intent by reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose. We also interpret statutes "in such a way as to achieve the general legislative goals that can be adduced from the body of legislation in question."

*Id.* (citations omitted). In interpreting a criminal statute, we are also guided by the rule of lenity. This rule dictates that if a criminal statute is " 'susceptible to more than one interpretation ... any doubt should be resolved in favor of the defendant.' " *State v. Tarango*, 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (quoting *State v. Pena*, 140 Ariz. 545, 549–50, 683 P.2d 744, 748–49 (App.1983), *decision approved and adopted*, 140 Ariz. 544, 683 P.2d 743 (1984)), *aff'd on reh'g, State v.*

*Arizona Dep't of Corrections*, 187 Ariz. 211, 928 P.2d 635 (1996).[2]

Following the rules of statutory construction outlined in *Zamora*, we look first to the language of section 13–604.U.1(d). Subsection (d) provides that "[a]ny felony conviction that is a third or more prior felony conviction" may constitute a "historical prior." The adjective "third" is defined as "being number three in a countable series." *Webster's Third New International Dictionary* 2377 (1966). A "series" is a "group of usually three or more things or events standing or succeeding *in order*." *Id.* at 2073 (emphasis added). The plain language of the provision therefore suggests that the legislature intended that, in applying section 13–604.-U.1(d), trial courts count prior felony convictions in chronological order. Common usage also indicates that the term "third" typically denotes the most recent item or occurrence in a series of three. For example, a third parking ticket usually refers to that received after the first and second; a third child has two older siblings; a third marriage follows two earlier unions; and accepting a third choice signifies that two earlier choices could not be obtained.

The state agrees that the term "third" connotes a chronology, but argues that a court could count "chronologically" in more than one way: from the earliest conviction forward to the most recent conviction or, as the trial court did in this case, in the reverse order, or in no particular order. Division Two of this court approved a similar approach in *State v. Everidge*, 188 Ariz. 46, 932 P.2d 802, 804 (App.1996), in which the court commented that, under A.R.S. section 13–604.U.1(d), "it does not matter if it is the third conviction chronologically or not." Although we find defendant's interpretation of the statute more tenable, we conclude that because the term "prior" has an implicit retrogressive meaning, the language of section 13–604.U.1(d) arguably may be regarded as ambiguous. We therefore turn to other sources to discern the legislature's intent.

---

2. We reject the state's argument that A.R.S. section 13–104, which abrogates the "general rule that a penal statute is to be strictly construed," invalidates the rule of lenity in Arizona. As this court held in *Pena*, 140 Ariz. at 549–50, 683 P.2d at 748–49, notwithstanding section 13–104, the rule of lenity continues to require that if a criminal statute is susceptible to more than one interpretation, we resolve any doubt in favor of the defendant.

The legislative history of section 13–604.-U.1(d) provides no insight into what the legislature meant by the phrase "third or more prior felony conviction." In 1993, the legislature adopted this provision, without amendment, from Senate Bill 1049, and the provision remains as it was originally enacted. *See* 1993 Ariz. Sess. Laws 1413. Therefore, no changes in statutory language guide us in discerning legislative intent.

The general "spirit and purpose" of section 13–604, however, do assist us in determining the meaning of "third or more prior felony conviction." The statute as a whole clearly was intended to punish defendants who have certain prior felony convictions more severely than those who do not. *See State v. Sweet,* 143 Ariz. 266, 270, 693 P.2d 921, 925 (1985) ("The aim of the legislature in enacting provisions for enhanced or mandatory sentences for repeat offenders, as evidenced by A.R.S. § 13–604, is to treat more severely those who have prior felony convictions than those who have prior misdemeanor or petty offense convictions."). The statute also clearly distinguishes between defendants with one historical prior conviction and those with "two or more" such priors. *See* A.R.S. § 13–604. The legislature apparently concluded that a defendant who acquires at least two historical prior felony convictions has demonstrated a sufficient level of recidivism to warrant the maximum sentence enhancement available under the statute.

Furthermore, the statutory structure and language reveal that the statute, as a whole, establishes an inverse relationship between seriousness of an offense and the number of years during which the offense can be used to enhance a sentence. For example, subsections (b) and (c) reflect the legislative judgment that, for most felony convictions, passage of a defined period of time makes those offenses too remote to justify their use for sentence enhancement. Those subsections, by permitting use of class 2 and 3 felonies for ten years and class 4, 5, and 6 felonies for five years, evidence a legislative intent to relate seriousness to time.

The legislature, however, adopted two exceptions to this general rule under subsection U. First, the statute allows prior convictions for the "more serious" offenses, those listed in subsection (a), to enhance a sentence regardless of how much time passes between the prior conviction and the present offense. The second exception, that in subsection (d), permits the use of a "third prior felony conviction" without regard to how much time has passed between that conviction and the present offense. Because subsection (a) already permits use of defined offenses without regard to passage of time, subsection (d) must refer to those convictions for "non-subsection (a)" offenses that are more than five or ten years old, and thereby too remote in time to fall within subsection (b) or (c).

The problem with counting backwards to find a "third prior conviction," as the state urges we do, is that by doing so we would capture felonies that the legislature has expressly deemed to be too remote in time under subsections (b) and (c). In this case, for instance, neither of defendant's 1985 convictions falls within subsection (c) because neither occurred within five years of the present offense. By "counting back," therefore, the trial court used a conviction expressly defined by subsection (c) as too remote in time to enhance defendant's sentence. We think such a result is inconsistent with the legislature's apparent intent to establish a cut-off date for considering convictions that do not fall within subsection (a).

The state argues that interpreting the language of section 13–604.U.1(d) as applying only to those convictions that occur chronologically third or later in time renders the provision superfluous. The state reasons that in "virtually every case" the defendant's most recent felony conviction or convictions (that is, those convictions which are most likely to be the defendant's "third or more" prior convictions) will fall under subsection (b) or (c), thereby rendering subsection (d) inapplicable.[3]

---

**3.** Thus, if a defendant has three prior felony convictions and his two most recent convictions fall under subsection (b) or (c), but his first conviction does not, the defendant would have only two historical prior felony convictions.

The state may well be correct. The result, however, is consistent with the legislative purpose of imposing time limits on the use of most prior convictions to enhance a sentence. Moreover, assuming the state's contention to be true, we are not convinced that applying a "third in time" approach to 13–604.U.1(d) renders that provision superfluous. In those cases in which a defendant's prior convictions, because of their age, do not fall under another provision of the statute, subsection (d) permits a trial court to designate those prior convictions as historical priors, *provided that* they are a defendant's "third or more prior felony conviction." In this case, for instance, if defendant had accrued a third felony conviction in 1985, that conviction would have qualified as a second historical prior felony conviction for sentence enhancement purposes. In other words, once a person has been convicted of three felony offenses, the third in time can be used to enhance a later sentence, regardless of passage of time.

We conclude that applying subsection 13–604.U.1(d) only to felony convictions that are chronologically the third or more in time is consistent both with the statute's purpose of punishing defendants with multiple prior felony convictions more harshly than other defendants and with the purpose of establishing a relationship between time of prior offense and its use to enhance a sentence.

### B.

Even if we were not convinced that the legislature used the phrase "third or more prior conviction" in its usual sense in enacting section 13–604.U.1(d), and were further convinced that the legislative purpose and spirit did not render the statute clear, we would be left with a statute that is "susceptible to more than one interpretation." *Tarango*, 185 Ariz. at 210, 914 P.2d at 1302. The rule of lenity therefore requires that we resolve the issue in favor of the defendant, *id.*, count his prior convictions chronologically, and find that only defendant's 1992 conviction could be considered his "third ... prior felony conviction." However, because the trial court had already designated defendant's 1992 conviction as a historical prior

felony conviction under 13–604.U.1(c), it could not use that same conviction to find an additional historical prior under subsection (d). *See, e.g., Anderjeski v. City Court,* 135 Ariz. 549, 551, 663 P.2d 233, 235 (1983) ("[I]n Arizona the clear legislative intent is not to cumulate punishment for one act."). The trial court therefore erred in ruling that defendant had two historical prior felony convictions for purposes of sentence enhancement under A.R.S. section 13–604.

### III.

We affirm defendant's convictions in CR 95–08011 and CR 95–09709. We vacate his sentences in both cases and remand for resentencing consistent with this decision.

FIDEL, P.J., and PATTERSON, J., concur.