18 P.3d 149

**The STATE of Arizona, Respondent,**

v.

**David John DECENZO, Petitioner.**

**No. 2 CA–CR 00–0002–PR.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 6, 2001.

Barbara LaWall, Pima County Attorney, By Baird S. Greene, Tucson, for Respondent.

Isabel G. Garcia, Pima County Legal Defender, By Joy Athena, Tucson, for Petitioner.

## OPINION

DRUKE, Judge.

¶ 1 A jury found petitioner guilty of aggravated assault on a corrections officer, a class five felony. The trial court found that two of petitioner's three admitted prior felony convictions were historical priors under A.R.S. § 13–604(U)(1), now § 13–604(V)(1),[1] and thus enhanced petitioner's sentence pursuant to § 13–604(C), and imposed a presumptive, five-year prison term. After we affirmed petitioner's conviction and sentence on appeal, *see State v. Decenzo*, No. 2 CA–CR 98–0307 (memorandum decision filed February 9, 1999), he sought post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S., claiming, in part, ineffective assistance of counsel in failing to object to the trial court's finding that petitioner had two historical prior felony convictions. The trial court summarily denied relief, and this petition for review followed.

¶ 2 Ordinarily, we review a trial court's denial of post-conviction relief for an abuse of discretion. *State v. Jensen*, 193 Ariz. 105, 970 P.2d 937 (1998). However, because petitioner's ineffective assistance claim hinges on the definition of "historical prior felony conviction" under § 13–604(V)(1), our review is de novo. *State v. Johnson*, 195 Ariz. 553, 991 P.2d 256 (1999) (question of statutory interpretation reviewed de novo).

¶ 3 At the time of sentencing, petitioner had three prior felony convictions, one in 1996 and two in 1988. The parties agree that

1. 1999 Ariz. Sess. Laws, ch. 261, § 5.

the 1996 conviction qualified as a historical prior for sentence enhancement under subsection (c) of § 13–604(V)(1), which covers class four, five, or six felonies committed within five years of the current offense. The parties also agree that the two 1988 convictions do not qualify as historical priors under subsections (a), (b), or (c) of the statute. Subsection (a) applies to certain designated felonies regardless of when they were committed; subsection (b) pertains to class two and three felonies committed within ten years of the current offense. The parties disagree, however, whether the trial court correctly found that petitioner had an additional historical prior under subsection (d), which includes "[a]ny felony conviction that is a third or more prior felony conviction."

■ ¶ 4 Petitioner argues that the 1996 conviction was his third conviction chronologically and because it had been used once to enhance his sentence under subsection (c), it could not be used again for enhancement under subsection (d). Petitioner relies on *State v. Garcia*, 189 Ariz. 510, 943 P.2d 870 (1997), a case decided by Division One of this court. The state counters that one of petitioner's 1988 convictions constitutes a third prior conviction under subsection (d) because, quoting from our decision in *State v. Everidge*, 188 Ariz. 46, 48, 932 P.2d 802, 804 (1996), "it does not matter if it is the third conviction chronologically or not." For the reasons that follow, we find *Garcia* rather than *Everidge* controlling here.

■ ¶ 5 In *Garcia*, the defendant had a 1992 prior conviction that qualified as a historical prior under subsection (c) and two 1985 convictions that did not qualify as historical priors under subsections (a) or (b). The trial court determined, however, that either of the 1985 convictions qualified as a second historical prior under subsection (d), reasoning that a third prior conviction did not have to be the third in time. Division One disagreed, finding that the legislature intended for trial courts to "count prior felony convictions in chronological order" and that "the term 'third' typically denotes the most recent item or occurrence in a series of three." 189 Ariz. at 513, 943 P.2d at 873.

¶ 6 Division One also rejected as inconsistent with legislative intent the state's argument that one should count backwards chronologically to determine whether a defendant has a third prior conviction under subsection (d). The court observed:

The problem with counting backwards to find a "third prior conviction," as the state urges we do, is that by doing so we would capture felonies that the legislature has expressly deemed to be too remote in time under subsections (b) and (c).... We think such a result is inconsistent with the legislature's apparent intent to establish a cut-off date for considering convictions that do not fall within subsection (a).

*Id.* at 514, 943 P.2d at 874. Division One thus found the trial court could consider only the defendant's 1992 conviction as his third prior conviction, and, because that conviction had already been designated as a historical prior under subsection (c), the trial court "could not use that same conviction to find an additional historical prior under subsection (d)." *Id.* at 515, 943 P.2d at 875.

¶ 7 The state argues, however, that *Garcia* was not well reasoned and that we should follow our decision in *Everidge*. We decline to do so for several reasons. First, *Everidge* did not directly address the issue presented by *Garcia* or this case. In *Everidge*, the defendant had a total of three prior convictions, none of which qualified as a historical prior under any enhancement provision other than subsection (d). In response to the state's argument that the defendant had two historical priors under subsection (d), we held that only one of his three prior convictions could be encompassed by that subsection, regardless of whether it was, as we stated, "the third conviction chronologically or not." 188 Ariz. at 48, 932 P.2d at 804. It is clear, however, that this statement was not dispositive of the issue raised and was plainly dictum. *See Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 81, 638 P.2d 1324, 1327 (1981) (dictum "is a court's statement on a question not necessarily involved in the case and, hence, is without force of adjudication" and "not controlling as precedent").

■ ¶ 8 Moreover, contrary to the state's position, we consider Division One's resolu-

**358**

tion of the issue in *Garcia* well reasoned and find the result consistent with the applicable rules of statutory construction. The legislature apparently agrees. After *Garcia* was decided, the legislature did not amend or clarify subsection (d) even though it twice amended other provisions of § 13–604(V)(1).[2] This suggests legislative acquiescence in, if not acceptance of, the construction given subsection (d) in *Garcia*. *See Bills v. Arizona Property & Cas. Ins. Guar. Fund*, 194 Ariz. 488, ¶ 13 n. 9, 984 P.2d 574, ¶ 13 n. 9 (1999), *quoting Zimmerman v. Wisconsin Elec. Power Co.*, 38 Wis.2d 626, 157 N.W.2d 648, 651 (1968) (" '[W]hen the legislature acquiesces or refuses to change the law, it has acknowledged that the courts' interpretation of legislative intent is correct.' ").

¶ 9 Applying *Garcia* here and counting forward from petitioner's oldest prior conviction to his newest, the 1996 conviction becomes his third prior conviction chronologically. Under *Garcia*, however, the trial court could not use it as an additional historical prior to enhance petitioner's sentence under subsection (d) because the court had already used it to enhance his sentence under subsection (c). The trial court thus erred in finding that petitioner had two historical prior convictions for sentence enhancement under § 13–604(V)(1), rather than one.

¶ 10 We therefore grant the petition for review, grant relief, and remand the case to the trial court for resentencing.

FLORÉZ and PELANDER, JJ., concurring.

**2.** 1998 Ariz. Sess. Laws, ch. 289, § 3; 1999 Ariz. Sess. Laws, ch. 261, § 5.