IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ELIAS DEWAYNE JOHNSON, *Appellant*.

No. 1 CA-CR 15-0351
FILED 8-25-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-004934-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

**OPINION**

Judge Maurice Portley delivered the opinion of the Court, in which
Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

**¶1**        In this opinion, we address whether the superior court committed fundamental error by sentencing Elias Dewayne Johnson as a category three repetitive offender based on his six Colorado felony convictions. Because Johnson has shown no error, we affirm.[1]

**I**

**¶2**        Johnson removed a "bait bike" from a city-owned pickup truck on April 23, 2014 and was convicted by a jury for burglary in the third degree, a class four felony. At sentencing, the State proved Johnson had six prior felony convictions from Colorado, and the superior court sentenced Johnson to an eight-year prison term as a category three repetitive offender.

**II**

**¶3**        Johnson argues his Colorado convictions did not "fall within the statutory definition of a historical prior felony conviction" under Arizona law because they occurred more than five years before he committed this burglary. As a result, he contends he is entitled to be resentenced because the superior court fundamentally erred in sentencing him as a category three repetitive offender under Arizona Revised Statutes ("A.R.S.") section 13-703 (J).[2]

**¶4**        We review issues of statutory interpretation de novo. *State v. Peek*, 219 Ariz. 182, 183, ¶ 6, 195 P.3d 641, 642 (2008) (citation omitted). When interpreting a statute, our goal is to give effect to the legislature's intent. *Id*. at 184, ¶ 11, 195 P.3d at 643 (citations omitted). We look first to the language of the statute because it is the best indication of the legislature's intent. *Id*. (citations omitted). If "the language is clear and unequivocal, it is determinative of the statute's construction." *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007) (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 8, 152 P.3d 490, 493 (2007)); *see also Indus. Comm'n v. Old Republic Ins. Co.*, 223 Ariz. 75, 77-78, ¶¶ 7-8, 219 P.3d 285, 287-88 (App. 2009) (noting we first look to the statute's plain language as the best indicator of legislative intent, and

---

[1] We address Johnson's other arguments on appeal in a memorandum decision filed contemporaneously with this opinion.

[2] We cite to the current version of all statutes unless otherwise noted.

when statutory language is clear and unambiguous, we give effect to it and do not use other methods of statutory interpretation) (citations omitted). In construing sentencing statutes, we "accord substantial deference to the legislature and its policy judgments." *State v. Berger*, 212 Ariz. 473, 476, ¶ 13, 134 P.3d 378, 381 (2006).

¶5 The sentencing statute provides that "a person shall be sentenced as a category three repetitive offender if the person . . . stands convicted of a felony and has two or more historical prior felony convictions." A.R.S. § 13-703(C) (West 2015).[3] The issue then is whether Johnson's Colorado felony convictions are historical prior felony convictions under this Arizona statutory provision. He argues that his Colorado convictions, from 1989 to 2002, are outside the statutory five-year time limit in § 13-105(22)(e),[4] and, as a result, cannot be considered historical prior felony convictions.

¶6 In 2012, our legislature modified § 13-703, entitled "Repetitive offenders; sentencing" by amending subsection (M), in relevant part, as follows:

> M. For the purposes of . . . subsection C of this section [category three repetitive offender], a person who has been convicted in any court outside the jurisdiction of this state of an offense that ~~if committed in this state would be~~ WAS punishable BY THAT JURISDICTION as a felony is subject to this section. A person who has been convicted as an adult of an offense punishable as a felony under the provisions of any prior code in this state OR THE JURISDICTION IN WHICH THE OFFENSE WAS COMMITTED is subject to this section.

2012 Ariz. Sess. Laws, ch. 190, § 2, (2d. Reg. Sess.).

---

[3] The legislature revised portions of § 13-703 that will be effective August 6, 2016. 2016 Ariz. Sess. Laws, ch. 43, § 2 (2nd Reg. Sess.). Those revisions are immaterial for purposes of this opinion.

[4] In calculating the five-year time period, the statute excludes time spent in jail or prison, which is not relevant here. A.R.S. § 13-105(22)(e).

**¶7** The 2012 amendment to § 13-703(M) clearly demonstrates that our legislature changed our laws regarding enhanced criminal sentences so that trial courts can consider, for sentencing purposes, whether a defendant had one or more prior felony convictions from another state, or states, in order to determine whether the defendant was a repetitive offender under § 13-703(C). *See State v. Moran*, 232 Ariz. 528, 535, ¶ 21, 307 P.3d 95, 102 (App. 2013). And as relevant here, § 13-703(C) defined a category three repetitive offender as a defendant who "stands convicted of a felony and has two or more historical prior felony convictions." A.R.S. § 13-703(C).

**¶8** At the time of Johnson's offense, a "historical prior felony conviction" included "[a]ny felony conviction that is a third or more prior felony conviction." A.R.S. § 13-105(22)(d) (West 2014). And we know from A.R.S. § 1-213 and *State v. Jean*, that the term "any" is to be broadly inclusive, has no "restrictions or limitations on the term modified," and, as a result the legislature's reference to any third felony conviction in § 13-105(22)(d) "included third felony convictions from any court of another state under § 13-703(M)." 2 CA-CR 2015-0184, 2016 WL 2864785, at *3, ¶ 12 (Ariz. App. May 16, 2016) (citation omitted).

**¶9** Moreover, when the term "any felony conviction that is a third or more prior felony conviction" was addressed in its prior statutory form, A.R.S. § 13-604(U)(1)(d) (1996), *see State v. Garcia*, 189 Ariz. 510, 512 n.1, 943 P.2d 870, 872 n.1 (App. 1997), and later, A.R.S. § 13-604(V)(1)(d)(1999), *see State v. Decenzo*, 199 Ariz. 355, 357, ¶ 3, 18 P.3d 149, 151 (App. 2001), this court reiterated that "the legislature intended for trial courts to count prior felony convictions in chronological order and that the term third typically denotes the most recent item or occurrence in a series of three," *id*. at ¶ 5 (quoting *Garcia*, 189 Ariz. at 513, 943 P.2d at 873) (internal quotation marks omitted). Additionally, "once a person has been convicted of three felony offenses, the third in time can be used to enhance a later sentence, regardless of passage of time." *Garcia*, 189 Ariz. at 515, 943 P.2d at 875.

**¶10** Applying the guidance from statute and case law, Johnson's third Colorado felony conviction would be his first historical prior felony conviction for sentencing purposes, his fourth Colorado felony conviction would be his second historical prior felony conviction, and his fifth Colorado felony conviction would be his third historical prior felony conviction, A.R.S. § 13-105(22)(d), requiring him to be sentenced as a category three repetitive offender under A.R.S. § 13-703(C). *See Decenzo*, 199 Ariz. at 358, ¶ 9, 18 P.3d at 152. Consequently, the trial court properly sentenced Johnson as a category three repetitive offender.

¶11 Johnson argues that the 2012 amendments also added a new definition to historical prior felony conviction; namely, as relevant here, "(e) Any offense committed outside the jurisdiction of this state that was punishable by that jurisdiction as a felony, that was committed within the five years immediately preceding the date of the present offense." A.R.S. § 13-105(22)(e) (West 2012); 2012 Ariz. Sess. Laws, ch. 190, § 1 (2nd Reg. Sess.). As a result, he argues that none of his Colorado felony convictions can be considered because his last Colorado felony conviction occurred more than five years before he removed the bicycle in this case, and, as a result, cannot be considered as a historical prior felony conviction under A.R.S. § 13-703(C).

¶12 His argument overlooks two factors. First, § 13-105 provides that its definitions are to control "unless the context otherwise requires." In *State v. Thues*, we found that "the context otherwise requires" a different definition of felony when determining that "possession of drug paraphernalia for personal use remains a felony when an offender is sentenced under Proposition 200." 203 Ariz. 339, 341, ¶ 9, 54 P.3d 368, 370 (App. 2002). Because the 2012 amendment to § 13-703(M), includes felonies committed outside of Arizona, the context of the statute supports our conclusion that the Colorado felonies are historical prior felonies as defined under § 13-105(22)(d).

¶13 Second, because § 13-703 is a specific sentencing statute applicable to repetitive offenders and § 13-703(M) defines the felonies, it has primacy over the general definitions in § 13-105. *See Thues*, 203 Ariz. at 341, ¶ 9, 54 P.3d at 370 (citing *Ford v. State*, 194 Ariz. 197, 199, ¶ 7, 979 P.2d 10, 12 (App. 1999), for the proposition that when general and specific statutes address same subject in contrasting manner, the more specific statute controls); *see also State v. Davis*, 119 Ariz. 529, 534, 582 P.2d 175, 180 (1978). Accordingly, given the 2012 amendment to § 13-703(M), we cannot judicially limit the application of § 13-105(22)(d) to only Arizona prior felony convictions in light of the legislature's specific intent to consider out-of-state felony convictions. *See City of Phx. v. Donofrio*, 99 Ariz. 130, 133, 407 P.2d 91, 93 (1965) ("[C]ourts will not read into a statute something which is not within the manifest intention of the legislature as gathered from the statute itself.") (citation omitted). We conclude, as a result, given the amendment to § 13-703(M), the plain language of § 13-105(22)(d) demonstrates a legislative intent that a third or more felony conviction from jurisdictions other than Arizona was, at the time of the offense in this case, to be considered a historical prior felony conviction. *See Jean*, 2 CA-CR 2015-0184, 2016 WL 2864785, at *3, ¶14 (stating that "[c]lear statutory text is determinative on the question of meaning.").

¶14 Although § 13-105(22)(e) was added in 2012, we have long held that the term "third or more prior felony conviction" in § 13-105(22)(d) means that "once a person has been convicted of three felony offenses, the third in time can be used to enhance a later sentence, regardless of passage of time." *Garcia*, 189 Ariz. at 515, 943 P.2d at 875. Consequently, the 2012 addition of § 13-105(22)(e), controls out-of-state felonies "committed with the five years immediately preceding the date of the present offense," but does not impose that limit onto § 13-105(22)(d) for prior felony convictions committed more than five years before the present offense.

¶15 Johnson also maintains that § 13-105(22)(d) was ambiguous in 2013 because, in 2015, the legislature amended the definition of "historical prior felony conviction" by adding the following emphasized text to the provision: "Any felony conviction that is a third or more prior felony conviction. *For the purposes of this subdivision, 'prior felony conviction' includes any offense committed outside the jurisdiction of this state that was punishable by that jurisdiction as a felony.*" *See* 2015 Ariz. Sess. Laws, ch. 74, § 1 (1st Reg. Sess.). Johnson asserts the 2015 revision demonstrates that "§ 13-105(22)(d) did not apply to felonies committed in other jurisdictions at the time of the offense in this matter."

¶16 At the time Johnson committed the burglary, the legislature, as noted in ¶ 13, *supra*, intended a defendant's third or more foreign felony conviction to be considered a historical prior felony conviction. The 2015 amendment to § 13-105(22)(d) did not change that, but made the general definition of historical prior felony conviction consistent with the sentencing provision in § 13-703(M).

¶17 Before 2012, courts addressing whether foreign convictions constituted historical prior felony convictions for enhanced sentencing purposes were required to "first conclude that the foreign conviction includes 'every element that would be required to prove an enumerated Arizona offense.'" *State v. Crawford*, 214 Ariz. 129, 131, ¶ 7, 149 P.3d 753, 755 (2007) (quoting *State v. Ault*, 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988)); *see also* 2012 Ariz. Sess. Laws, ch. 190, §§ 1-2 (2nd Reg. Sess.); Matthew Stoloff, *Non-Death Penalty Criminal Law: A Discussion of the Arizona Supreme Court's 2006-2007 Decisions*, 40 Ariz. St. L.J. 905, 928 (2008) ("Crawford did not break any new ground regarding Arizona's longstanding foreign conviction analysis, but it served as a reminder for sentencing courts regarding the proper procedure for determining whether a foreign conviction can be used to enhance a defendant's sentence."). In 2012, the legislature superseded *Crawford* and simplified the use of foreign felony convictions for sentencing purposes. *Moran*, 232

Ariz. 528, 535, ¶ 21, 307 P.3d 95, 102 (App. 2013). Specifically, the legislature abandoned the comparative elements approach for most foreign convictions and revised the sentencing scheme to ensure that if a foreign conviction is considered a felony by the jurisdiction in which the offense was committed, that conviction would be considered a historical prior felony conviction. 2012 Ariz. Sess. Laws, ch. 190, §§ 1-2 (2nd Reg. Sess.). Thus, A.R.S. § 13-703(M) was revised.

¶18        The 2012 amendments to § 13-703(M) adding out-of-state felony convictions demonstrate a legislative intent that trial courts should consider those out-of-state felony convictions under § 13-105(22)(d), when determining whether a defendant is a repetitive offender. Moreover, the 2015 amendment to § 13-105(22)(d) was not added to address whether out-of-state convictions could properly be considered under § 13-105(22)(d), but, rather, to ensure that courts no longer engaged in a comparative elements analysis when determining whether a defendant's third or more out-of-state conviction constituted a historical prior felony conviction. The 2015 amendment to § 13-105(22)(d) made it clear that courts are not required to do so; trial courts must simply determine whether the out-of-state prior conviction is considered a felony by the foreign jurisdiction in which the offense was committed. *Cf. Ariz. Bd. of Regents v. State*, 160 Ariz. 150, 157, 771 P.2d 880, 887 (App. 1989) (noting that subsequent legislation, which clarifies a statutory scheme, though "not necessarily controlling, is strongly indicative of the legislature's original intent").

¶19      Based on the language of § 13-703(M) that out-of-state felony convictions be considered for sentencing purposes, and plain language in § 13-105(22)(d) at the time Johnson committed this offense, his chronologically fourth Colorado felony conviction amounts to his second historical prior felony conviction for purposes of § 13-703(C). *See State v. Christian*, 205 Ariz. 64, 67 n.8, ¶ 8, 66 P.3d 1241, 1244 n.8 (2003) (noting that for an offense to qualify as a "third or more prior felony conviction" under the predecessor statute to § 13-105(22)(d), it must be the third conviction chronologically) (citation omitted). Thus, Johnson has two or more historical prior felony convictions, and the court properly sentenced him as a category three repetitive offender. No error, fundamental or otherwise, occurred.

## CONCLUSION

¶20      Johnson's conviction and sentence are affirmed.



Amy M. Wood • Clerk of the court
FILED: AA