NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CATARINO TORRES VALENZUELA, *Petitioner*.

No. 1 CA-CR 14-0711 PRPC
FILED 9-13-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2008-167601-002 DT
The Honorable Edward W. Bassett, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Catarino Torres Valenzuela, Douglas
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1        Catarino Torres Valenzuela seeks review of the trial court's order denying him post-conviction relief.  We review a denial of post-conviction relief for an abuse of discretion.  *State v. Decenzo*, 199 Ariz. 355, 356, ¶ 2 (App. 2001) (citing *State v. Jensen*, 193 Ariz. 105, 106 (App. 1998)).  Finding no abuse of discretion, we grant review but deny relief.

¶2        After this Court affirmed Valenzuela's convictions and sentences in *State v. Valenzuela*, 1 CA-CR 10-0479, 2011 WL 2893091 (Ariz. App. July 19, 2011) (mem. decision), Valenzuela filed a petition for post-conviction relief.  He raised several claims including ineffective assistance of counsel.  The trial court found Valenzuela's only colorable claim was that his counsel had refused to let him testify at trial, and set an evidentiary hearing.  Both Valenzuela and trial counsel testified at the hearing.  The testimony conflicted.  After the hearing, the court found trial counsel's testimony that he did not prevent Valenzuela from testifying credible, and denied relief.

¶3        On review, Valenzuela argues that based upon the evidentiary hearing, the trial court should have concluded counsel prevented him from testifying.  He also argues the court abused its discretion when it summarily dismissed his other claims.  The court dismissed these other claims in an order that clearly identified and correctly ruled upon the issues raised.  Furthermore, the court did so in a thorough, well-reasoned manner that allows any future court to understand the trial court's rulings.  Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision."  *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993).  Therefore, we adopt the court's ruling.

¶4        As to Valenzuela's claim that his counsel prevented him from testifying, credibility determinations rest solely with the trial court, *see, e.g.*, *State v. Fritz*, 157 Ariz. 139, 141 (App. 1988), and it is for the court to resolve conflicting testimony, *State v. Alvarado*, 158 Ariz. 89, 92 (App. 1988) (citations omitted).  Bolstered by the abundance of evidence otherwise linking Valenzuela to the crime, the testimony of trial counsel indicates he provided Valenzuela with cogent advice to refrain from testifying.  Following testimony from Valenzuela, the court found counsel had told Valenzuela "it would be the best thing for you not to testify" and this was "by no means a prohibition" against testifying.  Thereafter, the court found Valenzuela's testimony that counsel had refused to allow him to testify not

credible. Having resolved the conflicting testimony, the trial court acted within its discretion in denying relief.

¶5        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA