ESPINOSA, Judge, dissenting:
¶ 13 As my colleagues acknowledge, there is a "strong presumption" that trial counsel was effective. Febles , 210 Ariz. 589, ¶ 20, 115 P.3d at 636. Also acknowledged is that "[d]isagreements as to trial strategy or errors in trial will not support a claim of ineffective assistance of counsel as long as the challenged conduct could have some reasoned basis ." Meeker , 143 Ariz. at 260, 693 P.2d at 915 (emphasis added). Not mentioned, however, is that we review a trial court's denial of post-conviction relief for an abuse of discretion, including when the petition raises a claim of ineffective assistance. State v. Pandeli , 242 Ariz. 175, ¶ 4, 394 P.3d 2, 7 (2017) ; State v. Decenzo , 199 Ariz. 355, ¶¶ 1-2, 18 P.3d 149, 150 (App. 2001).
¶ 14 While the majority correctly notes that ineffective assistance of counsel is a mixed question of fact and law and that we "defer to the trial court's factual findings," Denz , 232 Ariz. 441, ¶ 6, 306 P.3d at 100-01, quoting In re MH2010-002637 , 228 Ariz. 74, ¶ 13, 263 P.3d at 86, its conclusion appears to rest on overturning the trial court's findings of fact rather than its ultimate legal determination. I am unwilling to override the trial court's assessment of trial counsel's effectiveness based on my colleagues' "understand[ing of] his testimony," in order to conclude counsel was ineffective as a matter of law. Cf. State v. Bible , 175 Ariz. 549, 609, 858 P.2d 1152, 1212 (1993) ("The trial judge is in the best position to evaluate credibility and accuracy, as well as draw inferences, weigh, and balance."). Therefore, I respectfully dissent.
*590 ¶ 15 Trial counsel's testimony at the Rule 32 hearing was not the pinnacle of clarity and, as highlighted by my colleagues, reflected some contradictions and apparent confusion at times. But counsel also testified to a defense strategy that made sense and shows that his representation was not necessarily subpar or unprofessional. In reaching a contrary conclusion, my colleagues focus on certain inaccurate responses by trial counsel at the hearing, held four years after counsel's representation of Smith, while neglecting other testimony and evidence presented to the trial court regarding what counsel actually did in defending his client.
¶ 16 Specifically, my colleagues note that trial counsel "testified that he believed the issuing judge found probable cause based solely on the water usage and presence of window coverings" and "this belief drove his decision to raise only the water usage claim in the motion to suppress." But although counsel appears to have at times during his testimony misstated the operative factors supporting the issuance of the warrant, he also repeatedly testified he was having difficulty recalling what had transpired because it was four years in the past. Additionally, it appears he was somewhat defensive and perhaps confused at times during the hearing. But portions of his testimony clearly show he had made a strategic decision to challenge the search warrant based on what appeared to be strong evidence that the police-affiant had made misrepresentations to the issuing judge that were key in the procurement of the warrant the second time around. Counsel also stated a clear and appropriate strategy in that he would "usually pick the strongest" argument rather than "diluting" it and though he had "thought about" the curtilage issue, he had concluded "the water supply was a much ... stronger argument," a position supported, if not borne out, by the testimony of some of the officers who executed the warrant, along with several exhibits introduced at the Rule 32 hearing.
¶ 17 The majority's conclusion that trial counsel mistakenly believed the search warrant had been issued based solely on the two additional reasons presented in the second warrant application is a reasonable interpretation of counsel's confusing testimony. But it is not the only feasible interpretation. Counsel also stated, "I raised in my motion [to suppress that] there were six criteria and four had been rejected." Indeed, my colleagues acknowledge that in that motion, filed by counsel at the time , he stated, "[T]he probable cause finding was based on all the information provided to the issuing judge." Thus, counsel's contradictory response four years after the fact did not reflect what he actually did and believed at the time he represented Smith. See Strickland, 466 U.S. at 689, 104 S.Ct. 2052 (reasonableness of counsel's performance evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances). As the trial court insightfully noted, counsel's real "point was, if [he] could get rid of [the additional two bases], then all that was left was the four factors" and "if he was successful in knocking off the two factors, ... why is that not reasonable to believe that then [the trial judge] would say, okay, without those two factors, another judge already said no probable cause." And the court in its written ruling specifically noted that counsel was an experienced criminal defense attorney and the original trial judge, although denying the motion to suppress, had found it a "very close" decision.
¶ 18 The trial court heard all of the testimony and considered a number of exhibits introduced at the hearing, and expressly exercised its judgment in evaluating that evidence, particularly the ambiguous statements of counsel. As noted above, a trial court's findings regarding an ineffective assistance claim are entitled to deference and reviewed for abuse of discretion. See Denz , 232 Ariz. 441, ¶ 6, 306 P.3d at 100-01 ; Decenzo , 199 Ariz. 355, ¶ 2, 18 P.3d at 150. I see no such abuse here. While there was some evidence that an officer may have entered the curtilage of the defendant's unfenced property where he detected the odor of marijuana, and this might have presented a viable suppression issue, ineffectiveness is not determined by whether, in hindsight, the attorney missed a potentially good theory or made mistakes. See State v. Valdez , 160 Ariz. 9, 15, 770 P.2d 313, 319 (1989) ("Defense counsel's determinations of trial strategy, even if later proven *591 unsuccessful, are not ineffective assistance of counsel.... Even the best trial lawyer makes mistakes in every trial. Defendants are not guaranteed perfect counsel, only competent counsel.").
¶ 19 In sum, despite some perplexing statements by counsel at the Rule 32 hearing years after the operative events, there is clear evidence supporting the trial court's finding that counsel had made a reasonable decision to challenge the search warrant by focusing on the two grounds ultimately resulting in its issuance rather than pursuing an arguably weaker curtilage issue. And notably, no expert legal opinion was presented that counsel fell below prevailing professional norms. My colleagues discount those factors, while selectively pointing to after-the-fact misstatements by counsel to retroactively impute ineffectiveness. For all of these reasons, I cannot agree the trial court committed legal error, and I would affirm its appropriate exercise of discretion in denying Smith's Rule 32 petition.