NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MARK STEVEN BEHLKE, JR., *Appellant.*

No. 1 CA-CR 19-0128
FILED 11-26-2019

---

Appeal from the Superior Court in Yavapai County
No. P1300CR201701423
The Honorable Patricia A. Trebesch, Judge *Retired*

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Gonzales & Poirier, P.L.L.C., Flagstaff
By Antonio Gonzales
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S**, Judge:

¶1 Mark Steven Behlke, Jr., timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for nine counts of fraudulent schemes and artifices, a class 2 felony; two counts of trafficking in stolen property in the first degree, a class 2 felony; and one count of failure to appear in the first degree, a class 5 felony. Behlke's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

¶2 Behlke did not file a supplemental brief. Counsel asks this court to search the record for fundamental error and to correct the time credited to Behlke for his pre-trial incarceration. After reviewing the entire record, we affirm Behlke's convictions but modify his pre-sentence incarceration credit.

## FACTUAL AND PROCEEDURAL HISTORY

¶3 Behlke was the sole signatory for two business bank accounts. After U.S. Bank closed the first account, Behlke signed twenty-two additional checks against that account. Behlke signed a total of fifty-seven checks against the second account after U.S. Bank closed it as well. The bank mailed more than twenty notices to Behlke concerning these bounced checks.

¶4 Behlke paid for purchases at Able Saw and True Value businesses in Prescott with bad checks on June 15, 2017. His purchases at the stores included a pressure washer and chain saw at Able Saw and over $1,000 worth of merchandise including a miter saw at True Value. A pawn shop search by Detective Aaron Jennison revealed that Behlke had pawned the miter saw in Avondale on June 16.

¶5 On June 19, Behlke purchased a power washer and generator from Valley Verde Outdoor Power Equipment with a bad check.

Behlke then pawned the power washer on June 20 for $75. He then paid Chino Rentals in Chino Valley, for equipment with a bad check on June 26, 2017. Behlke then attempted to purchase more merchandise at the Prescott True Value on June 20. Store employees had become aware of his use of bad checks so they attempted to stall him while contacting police. Despite the employees' efforts to stall Behlke, he left, taking his driver's license and exiting the store.

¶6         On August 19, Detective Marcus Anderson stopped Behlke for a traffic violation. The Detective determined that Behlke had an outstanding warrant for his arrest concerning his fraudulent checks. Upon arresting Behlke and subsequently searching the vehicle, Detective Anderson discovered "four generators, a few gas cans, [and] approximately 72 pawn slips from . . . March 2017 to August 2017 from various cities." He also discovered a letter to Behlke from Ace Hardware concerning a dishonored check for $900.23 from a closed Behlke account. Detective Anderson discovered that Behlke had purchased the generators with bad checks.

¶7         Detective Anderson read Behlke his *Miranda* rights and interviewed him after Behlke indicated he understood his rights and chose to speak with him. Behlke admitted he knew that checks used to make purchases in August were going to bounce and that writing bad checks was illegal.

¶8         Following his release to a third party with instructions to appear before a Yavapai County judge, Behlke failed to appear. He then paid with a series of additional bad checks at various other Yavapai County businesses from September through October 2017. He was subsequently re-arrested and held through the remainder of his proceedings.

¶9         The state charged Behlke with nine counts of fraudulent schemes or artifices, one count of an attempted fraudulent scheme and artifice, two counts of trafficking in stolen property, and one count of failure to appear. Behlke was appointed counsel who represented him at trial. The twelve-person jury found him guilty of all charged offenses, except for one count of attempt to commit fraudulent schemes and artifices. The jury also found that Behlke had committed five counts of fraudulent schemes and artifices, and the count of failure to appear, while on felony release.

3

## DISCUSSION

**¶10** The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Behlke is guilty of the charged offenses. The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (App. 1976) (citing Ariz. R. Crim. P. 1.2). Behlke was represented by counsel and was present at all critical stages of trial. Behlke chose to testify at trial.

**¶11** During sentencing, the state filed and proved a prior felony conviction for shoplifting. The court noted the jury's findings of pecuniary gain, value of the property, and financial harm to victims, as well as the prior felony conviction. It also found that the aggravating factors outweighed the mitigating factors of family support and substance abuse. The court imposed a sentence that was within the statutory limits. *See* A.R.S. §§ 13-701, -703, -801.

**¶12** Counsel asks us to correct Behlke's sentencing credit to properly account for thirteen days of pre-incarceration credit. At trial, Yavapai County Chief Investigator Ed Bills testified that police arrested Behlke in Yavapai County on August 19, 2017, and that Behlke appeared in court again on August 31. Counsel takes this to mean that Behlke was released to a third party on August 31 after having release conditions set on August 25. However, the trial court only credited Behlke's time in custody from his November 24, 2017 arrest to his sentencing on February 11, 2019, calculating 446 days of pretrial incarceration credit. Therefore, counsel believes that Behlke is entitled to thirteen additional days of pre-trial credit.

**¶13** It is error, requiring an addition to sentencing credit, for a trial court to fail to consider all pre-trial incarceration credit. *State v. Everidge*, 188 Ariz. 46, 48 (App. 1996); A.R.S. § 13-712(B). While an alternative release date of August 25 seems to be the more reasonable interpretation of the transcript, the record is ambiguous and we therefore adopt defense counsel's interpretation out of an abundance of caution. We accordingly modify Behlke's pre-incarceration credit to a total of 459 days. *State v. Boozer*, 221 Ariz. 601, 602, ¶ 7 (App. 2009); Ariz. R. Crim. P. 31.19(c).

## CONCLUSION

**¶14** We have reviewed the entire record for arguable issues of law and find none, and therefore affirm Behlke's convictions and resulting

sentences as modified concerning additional credit. *Leon*, 104 Ariz. at 300–01.

¶15 Defense counsel's obligations pertaining to Behlke's representation in this appeal have ended. Counsel need do no more than inform Behlke of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Behlke has thirty days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Further, Behlke has thirty days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA