NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

NATHANIEL WADE, *Appellant*.

No. 1 CA-CR 17-0736
FILED 8-2-2018

Appeal from the Superior Court in Maricopa County
No. CR2017-100895-001
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

Nathaniel Wade, Phoenix
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge David D. Weinzweig joined.

J O H N S E N, Judge:

¶1          Nathaniel Wade timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of possession of a dangerous drug, a Class 4 felony.  Wade's counsel has searched the record on appeal but found no arguable question of law that is not frivolous, and asks this court to search the record for fundamental error.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Wade has filed a supplemental brief raising issues that we address below.  After reviewing the entire record, we affirm Wade's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Phoenix police officers came upon Wade as he was illegally bicycling across a busy downtown street late one afternoon.[1]  Wade had not crossed at an intersection, and the officers stopped him to give him a traffic warning.  As they prepared to pat him down, they noticed he was holding a plastic bag containing a white crystalline substance.  The officers advised Wade of his rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  Wade then admitted the bag contained methamphetamine.  He initially told officers that he had intended to sell the drug, but then stated he purchased it to share with an unidentified woman.  Police later analyzed the substance in the bag and concluded that it was 27.83 grams of methamphetamine.

¶3          Wade was charged with one count of possession of dangerous drugs for sale.  A 12-person jury found him not guilty of that charge, but convicted him of the lesser-included charge of possession of a dangerous drug.  *See* Arizona Revised Statutes ("A.R.S.") section 13-3407(A)(1)-(2)

---

[1]      Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Wade.  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

(2018).[2] After finding that Wade had two historical prior felony convictions, the superior court sentenced him as a category-three repetitive offender to a slightly mitigated term of 9.5 years' imprisonment, with 199 days' presentence incarceration credit.

¶4         Wade timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033 (2018).

## DISCUSSION

### A.         Due Process Review.

¶5         The record reflects Wade received a fair trial.  Wade was represented by counsel at all stages of the proceedings against him and was present at all critical stages.  The court did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Wade's statements to police.  *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶6         The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of 12 members.  The court properly instructed the jury on the elements of the charges, the State's burden of proof, the presumption of innocence and the necessity of a unanimous verdict.  The jury returned a unanimous verdict, which was confirmed by juror polling.  The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Wade was convicted.

### B.         Issues Raised in the Supplemental Brief.

¶7         The superior court found that Wade had four prior felony convictions, all of them from outside Arizona: A 1998 conviction in Oklahoma for cocaine possession; a pair of 2000 convictions in Texas for cocaine possession, which the court considered one felony for sentencing; a 2006 conviction in California for possession of a controlled substance for sale; and a 2010 conviction in California for "Sale/Transport/Offer to Sell" of a controlled substance and possession of cocaine for sale.  The court found the two California convictions constituted historical prior felony convictions.  *See* A.R.S. § 13-105(22)(d) (2018) (defining "historical prior felony conviction" to include a defendant's "third or more prior felony

---

[2]         Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

conviction"). Wade contends that the court erred in using the convictions because they are from other jurisdictions and do not relate to methamphetamine. He also argues he was not allowed to challenge the "legal sufficiency" of the prior felonies and contends that, in any event, using prior felony convictions to enhance a sentence constitutes double jeopardy.

¶8 Notwithstanding Wade's argument, § 13-105(22)(d) defines "historical prior felony conviction" to include any "third or more prior felony conviction," and specifically states that "'prior felony conviction' includes any offense committed outside the jurisdiction of this state that was punishable by that jurisdiction as a felony." *See State v. Johnson*, 240 Ariz. 402, 403-04, ¶¶ 6-7 (App. 2016). The record supports the superior court's findings that Wade has been convicted of at least four crimes considered felonies in the jurisdictions that convicted him, and that the 2006 and 2010 California convictions were Wade's third and fourth prior felony convictions. Wade offers no authority for the proposition that prior felony convictions must substantively relate to the current charged offense, and no such requirement is found in the relevant statutes. Nor has he offered any authority that a defendant may re-litigate his prior convictions from other jurisdictions, or any argument that his convictions were not felonies in the jurisdictions that convicted him. *See* A.R.S. § 13-105(22)(d); *Johnson*, 240 Ariz. at 405-06, ¶ 18. Further, "using a prior conviction under a recidivist statute to enhance a sentence on a new and separate charge does not violate double jeopardy." *State v. Pandeli*, 215 Ariz. 514, 522-23, ¶ 16 (2007).

¶9 Wade next contends that he was not given all the documents he needed for his defense, including "seal documents" and "court information sheets." According to Wade, these documents contained the names of his "accusers" and, because he lacked access to the documents, he was denied his right to confront witnesses against him. But we have reviewed all of the sealed documents in the record and none contain any information that Wade did not otherwise have. *See* Ariz. R. Crim. P. 15.1(b). Furthermore, the record shows that Wade was in court when the State presented its case and that his attorney vigorously cross-examined the witnesses the State offered against him. *See* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24 ("[T]he accused shall have the right . . . to meet the witnesses against him face to face.").

¶10 Wade also contends that the "county prosecutor failed to supply" him with a transcript of the grand jury proceedings, but cites no authority requiring the prosecutor to do so. The court reporter must deliver the grand jury transcript to the clerk of the superior court within 20 days

after the grand jury returns an indictment; thereafter, "[s]uch transcript shall be made available to the prosecuting officer and the defendant." A.R.S. § 21-411(A) (2018); *see also* Ariz. R. Crim. P. 12.7(c). Wade does not argue he attempted to obtain the transcript but was rebuffed.

¶11 Wade finally makes three procedural challenges. He first argues he was never "informed of his right to challenge [a] grand jury." A defendant may challenge an indictment on the grounds that he "was denied a substantial procedural right or that an insufficient number of qualified grand jurors concurred in the indictment." Ariz. R. Crim. P. 12.9(a); *Crimmins v. Superior Court In & For Maricopa County*, 137 Ariz. 39, 41 (1983). Wade does not argue that either circumstance occurred here, and neither appears from the record. To the extent he is arguing that his counsel was ineffective by failing to inform him that he could challenge his indictment, that is a claim of ineffective assistance of counsel, which may be raised under Arizona Rule of Criminal Procedure 32 but not on direct appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

¶12 Wade next contends the superior court violated his "right" to enter a plea of guilty or no contest at his arraignment. The record, however, shows that Wade had several opportunities after he was arraigned to plead guilty and declined to do so.

¶13 Wade finally argues he was denied a preliminary hearing under Arizona Rule of Criminal Procedure 5.1(a). Under Rule 5.1(a), "[a] defendant has a right to a preliminary hearing if charged in a complaint with a felony," and the hearing must be held within 10 days of the defendant's initial appearance if the defendant is in custody. Although the State initially charged Wade via complaint, it filed a supervening indictment within 10 days of Wade's initial appearance, which eliminated Wade's right to a preliminary hearing. *See Segura v. Cunanan*, 219 Ariz. 228, 234, ¶ 22 (App. 2008).

**CONCLUSION**

¶14 We have reviewed the entire record for reversible error and find none, and therefore affirm Wade's conviction and resulting sentence. *See Leon*, 104 Ariz. at 300.

¶15 Defense counsel's obligations pertaining to Wade's representation in this appeal have ended. Counsel need do no more than inform Wade of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140

Ariz. 582, 584-85 (1984).  Wade has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.  On the court's own motion, Wade has 30 days to proceed, if he wishes, with a *pro per* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA