IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee/Cross-Appellant*,

*v.*

BUREN JARRETT BURGESS, *Appellant/Cross-Appellee*.

No. 1 CA-CR 16-0857
No. 1 CA-CR 16-0923
(Consolidated)
FILED 8-7-2018

Appeal from the Superior Court in Yavapai County
No. P1300CR201401170
The Honorable Tina R. Ainley, Judge

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee/Cross-Appellant*

Law Offices of Neal W. Bassett, Phoenix
By Neal W. Bassett
*Counsel for Appellant/Cross-Appellee*

---

## OPINION

Presiding Judge Randall M. Howe delivered the opinion of the Court, in which Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

H O W E, Judge:

¶1        Buren Jarrett Burgess appeals his convictions and sentences for two counts of child prostitution. Among other issues, we address in this opinion whether A.R.S. § 13–3212(C), which provides that "[i]t is not a defense to a prosecution [for child prostitution] that the other person is a peace officer posing as a minor . . ." is unconstitutional because it lacks a rational basis in a prosecution for in-person solicitation of a child prostitute. We also address whether A.R.S. § 13–703(L)'s mandate that a defendant's prior felony convictions for offenses "committed on the same occasion" be counted as only one conviction applies to a defendant subject to sentencing under A.R.S. § 13–3212.

¶2        We hold that A.R.S. § 13–3212(C) is constitutional and that it applies to all types of solicitation. We also hold that A.R.S. § 13–703(L)'s mandate does not apply when a defendant is sentenced under A.R.S. § 13–3212 because § 13–3212 does not include any limitation on how prior felony convictions are counted. We therefore affirm Burgess's convictions and affirm his sentences as modified.

### FACTS AND PROCEDURAL HISTORY

¶3        We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Burgess. *See State v. Causbie*, 241 Ariz. 173, 175 ¶ 2 (App. 2016). In November 2014, Burgess called and texted telephone numbers posted in online advertisements offering the services of two female escorts. The advertisements listed the escorts' ages as 18 and contained explicit sexual content. "Brittany" and "Jennifer" responded to Burgess's calls and texts and asked Burgess if he wanted the services of two girls; he answered that he did. Unbeknownst to Burgess, the two were undercover police officers posing as child prostitutes.

¶4        "Brittany" and "Jennifer" informed Burgess that they were 16 years old and that spending one-half hour with both would cost $160.

Burgess confirmed with the "girls" that they were not police officers, but he hesitated and stated that he wanted an 18-year-old escort. Burgess ultimately agreed to meet the two "girls" at their hotel room to "hang out." Jennifer told Burgess that she would reduce the price if he brought cigarettes because "we're pretty young and obviously we can't buy cigarettes[.]" Burgess did so.

¶5         After Burgess arrived at the hotel room, the "girls" asked what he "wanted," and Burgess replied that he would like them to "do stuff to him." He paid Jennifer $150, handed her the cigarettes, and agreed to wear a condom once they "began having sex." As Burgess undressed, the "girls" went into the bathroom to change clothes. Police officers then stormed into the room and took Burgess into custody.

¶6         The State charged Burgess with two counts of child prostitution under A.R.S. § 13–3212(B)(2), class 2 felonies, alleging that he knowingly engaged in prostitution with the women, believing they were between 15 and 17 years old. Before trial, Burgess moved for a jury instruction on prostitution as a lesser-included offense of child prostitution. The prosecutor agreed that an instruction on "misdemeanor prostitution" was appropriate. After the court indicated that the instruction would be given, defense counsel requested guidance on how the parties should refer to the lesser-included offense because the prosecutor had referred to it as "misdemeanor prostitution." The court clarified that the classification should not be referred to and the prosecutor acknowledged that he "should not have referred to [the lesser-included offense] that way."

¶7         During Burgess's cross-examination of the undercover officer who posed as Brittany, counsel asked if she agreed that child prostitution was a more serious situation than adult prostitution, and she agreed. The officer also agreed that an act of prostitution occurred and that the only issue was whether the prostitution was child or adult prostitution. Counsel then asked, "do you understand that adult prostitution is a lesser-included offense of child prostitution[,]" and the officer responded that "[adult] [p]rostitution is a misdemeanor, and child prostitution is a felony." Counsel followed up by stating that prostitution with an adult "is just a misdemeanor" but "[i]s a felony" if done with a child; the undercover officer agreed.

¶8         After the close of evidence, the court instructed the jury that "[i]n deciding whether the defendant is guilty or not guilty, do not consider the possible punishment" and provided a lesser-included offense instruction. The jury found Burgess guilty as charged. During sentencing,

the State argued that Burgess had two historical prior felony convictions from 1997 and therefore should be sentenced under A.R.S. § 13–3212(I)(3). The State contended that although the 1997 offenses occurred on the same date and involved the same victim, A.R.S. § 13–3212 did not contain "any language indicating that prior convictions for two or more offenses committed on the same occasion shall be counted as only one conviction." The court disagreed and determined that Burgess's two prior felonies amounted to only one historical prior felony under A.R.S. § 13–703(L), the repetitive offender sentencing statute. After finding that Burgess was on probation when he committed the current offenses, the court imposed consecutive presumptive sentences of 15.75 years' imprisonment. Burgess timely appealed and the State timely cross-appealed.

## DISCUSSION

### 1. Sufficiency of Evidence

**¶9** Burgess argues that insufficient evidence supports his convictions because he "never agreed to engage in sexual activity until he saw the decoy prostitutes, who were 27 years old and looked it." He contends that although he was guilty of adult prostitution, he was not guilty of child prostitution. We review claims of insufficient evidence de novo. *State v. West*, 226 Ariz. 559, 562 ¶ 15 (2011). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 16 (internal quotation marks omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424–25 (1976)).

**¶10** A person 18 years old or older commits child prostitution by knowingly "[e]ngaging in prostitution with a minor who the person knows or should have known is fifteen, sixteen or seventeen years of age." A.R.S. § 13–3212(B)(2).[1] "'Prostitution' means engaging in or agreeing or offering

---

[1] In 2017, the legislature amended the statute by changing the name of the offense to "child sex trafficking." 2017 Ariz. Sess. Laws, ch. 167, § 10 (1st Reg. Sess.). In all other respects material here, the statute remains unchanged from the time Burgess committed the offenses in 2014. *See* 2014 Ariz. Sess. Laws, ch. 151, § 7 (2nd Reg. Sess.). Accordingly, we cite the

to engage in sexual conduct under a fee arrangement with any person for money or any other valuable consideration." A.R.S. § 13–3211(5). "It is not a defense to a prosecution" under subsection (B)(2) "that the other person is a peace officer posing as a minor or a person assisting a peace officer posing as a minor." A.R.S. § 13–3212(C).

¶11    Sufficient evidence supports Burgess's child prostitution convictions. Burgess responded to advertisements suggesting sexual experiences with girls who were "youngsters" and who subsequently informed him that they were 16 years old. And by agreeing to purchase cigarettes for the "girls," Burgess demonstrably acted on his belief that they were under 18 years old and unable to purchase the cigarettes themselves. Further, although Burgess did not expressly discuss sexual activity with the "girls" on the telephone, the language contained within the advertisements, along with his agreement to pay them $160 for 30 minutes of their time, reasonably implies that his desire to "hang out" with the "girls" included engaging in sexual conduct. Burgess's asking if the "girls" were police officers bolsters this inference; such a question would be unnecessary if he truly intended his encounter with the putative underage "girls" to be nothing more than an innocent get-together. Accordingly, the jury could reasonably conclude that Burgess committed child prostitution by offering to engage in sexual conduct under a fee arrangement with "girls" that he believed were 16 years old. Because Burgess completed the offense when he agreed to pay for their services, he committed the offenses before he saw the "girls." Thus, whether they appeared to be over 18 years old when he saw them in person does not affect the sufficiency of the evidence supporting his convictions.

## 2. A.R.S. § 13–3212(C)

¶12    Burgess next argues that A.R.S. § 13–3212(C) is unconstitutional because it lacks a rational basis in a prosecution for in-person solicitation of a child prostitute because the "defendant can see for himself that the prostitute is an adult." We review the constitutionality of a statute de novo. *State v. Maestas*, 244 Ariz. 9, 12 ¶ 6 (2018). "When the statute in question involves no fundamental constitutional rights or distinctions based on suspect classifications, we presume the statute is constitutional and will uphold it unless it clearly is not." *Id.* Burgess bears the burden of overcoming the statute's presumed constitutionality by a "clear showing of

---

current version with the understanding that, for purposes here, "child sex trafficking" and "child prostitution" refer to the same criminal offense.

arbitrariness or irrationality." *State v. Hammonds*, 192 Ariz. 528, 532 ¶ 9 (App. 1998). Burgess cannot satisfy his burden.

¶13        Burgess challenges A.R.S. § 13–3212(C), which states, "[i]t is not a defense to a prosecution [for child prostitution] that the other person is a peace officer posing as a minor or a person assisting a peace officer posing as a minor." Under the rational basis test, we will uphold a statute when it is rationally related to a legitimate government purpose. *State v. Navarro*, 201 Ariz. 292, 976 ¶ 25 (2001). The legislature need not choose the most effective or least intrusive means of achieving its goals. *Hammonds*, 192 Ariz. at 532 ¶ 15. Burgess does not argue that the legislature lacks a legitimate government purpose in protecting children from child prostitution. Instead, he argues only that "it is irrational for a law to permit the police and prosecutors . . . to convict people for child prostitution, when the defendant[ was] dealing face-to-face" with an undercover officer.

¶14        He is incorrect. We agree with the State that a rational basis exists to use undercover police officers to combat child prostitution, regardless whether the solicitation occurs online or in person. Using undercover police officers in sting operations helps ensure that the people soliciting child prostitutes are stopped. The legislature could have rationally believed that using undercover officers and other persons posing as minors would achieve its goal of protecting children from being sexually exploited. As such, Burgess has failed to make a clear showing of arbitrariness or irrationality.

¶15        Burgess contends that we need not address his constitutional challenge to A.R.S. § 13–3212(C) if we hold that it applies only to non-in-person solicitations. But as discussed above, the statute is constitutional. Notwithstanding our holding, Burgess's argument still fails because as a matter of judicial restraint and standard principles of statutory construction, we will not "judicially impose a requirement the legislature has intentionally chosen not to require." *See Hart v. Hart*, 220 Ariz. 183, 187 ¶ 17 (App. 2009). Here, the child prostitution statute does not distinguish between in-person and other solicitations, reflecting the legislature's intent to treat the various modes of solicitation similarly even though the "child" is actually an undercover police officer. *See State v. Peek*, 219 Ariz. 182, 184 ¶ 11 (2008) (statutory language is the best indication of the legislature's intent). Therefore, Burgess's argument is without merit.

### 3. Statement Regarding Adult Prostitution

**¶16** Burgess argues that his convictions "should be reversed because a state witness disclosed that the lesser-included offense was a misdemeanor," which violated the trial court's decision not to refer to either offense's classification. He contends that the undercover officer's answer, "[p]rostitution is a misdemeanor, and child prostitution is a felony[]" amounted to fundamental error. Because Burgess did not object at trial, we review only for fundamental error. *See Henderson*, 210 Ariz. at 567 ¶ 19.

**¶17** No fundamental error occurred. During defense counsel's cross-examination of the undercover officer, he elicited the challenged testimony directly. Although counsel began by asking the undercover officer if child prostitution was more serious than adult prostitution, he did not stop there. He then asked the officer if she understood that adult prostitution was a lesser-included offense of child prostitution. When the officer answered that adult prostitution was a misdemeanor, Burgess not only failed to object to the testimony, but his follow-up questions emphasized the different classes of child and adult prostitution, thereby arguably inviting whatever error occurred. *See State v. Stuard*, 176 Ariz. 589, 601 (1993) (holding that any error in witness's testimony was invited because of the "broad question posed to him" by defense counsel).

**¶18** In any event, the court did not err, much less fundamentally so, by failing to sua sponte take some remedial action—which Burgess does not specify—in response to the challenged testimony. The witness simply replied to Burgess's questioning in the manner she had every reason to believe fully answered the question. Further, the court properly instructed the jury that adult prostitution is a lesser-included offense and admonished the jurors not to consider punishment during their deliberations. *See State v. Blackman*, 201 Ariz. 527, 543 ¶ 65 (App. 2002) (noting that the trial court appropriately instructed the jurors that they were not to consider punishment in reaching their verdict); *State v. Miranda*, 198 Ariz. 426, 428 ¶ 9 (App. 2000) ("A lesser-included-offense instruction is proper only if (1) the lesser offense is composed of some, but not all, of the elements of the greater crime so that it is impossible to commit the greater without committing the lesser offense, and (2) the evidence supports an instruction on the lesser offense."). Presuming, as we must on this record, that the jury followed its instruction to not consider punishment, *see Blackman*, 201 Ariz. at 543 ¶ 65 (jurors are presumed to follow the trial court's instruction not to consider punishment in deciding guilt), Burgess cannot satisfy his burden of establishing prejudice. Therefore, the court did not err and Burgess suffered no prejudice.

### 4. The State's Cross-Appeal: Sentences

**¶19**        The State, as it did at sentencing, argues that the court should have imposed 28-year sentences. According to the State, the court erred in determining that Burgess's two historical prior felony convictions constituted only one historical prior felony conviction for sentencing purposes. Questions of law such as this are reviewed de novo. *State ex rel. Polk v. Campbell*, 239 Ariz. 405, 406 ¶ 4 (2016); *State v. Hollenback*, 212 Ariz. 12, 16 ¶ 12 (App. 2005) ("Whether the trial court applied the correct sentencing statute is a question of law, which we review *de novo*.").

**¶20**        The trial court erred in sentencing Burgess as if he had only one historical prior felony conviction. The trial court found that Burgess's two convictions in 1997[2] amounted to only one historical prior felony conviction under A.R.S. § 13–703(L), the repetitive offender sentencing statute, because the offenses were "committed on the same occasion[.]" *See* A.R.S. § 13–703(L) ("Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for the purposes" of sentencing under § 13–703.). Thus, the trial court sentenced Burgess under A.R.S. § 13–3212(I)(2) to consecutive presumptive sentences of 15.75 years' imprisonment for a person convicted of child prostitution who has one historical prior felony conviction.

**¶21**        This was error. Although A.R.S. § 13–703(L), the sentencing statute that applies generally to all repetitive offenders, requires that offenses "committed on the same occasion" be deemed as one prior felony conviction, the sentencing statute that governs child prostitution offenses specifically provides otherwise. Section 13–3212(I) states that if the minor is 15, 16, or 17 years old, child prostitution under A.R.S. § 13–3212(B)(2) is a class 2 felony and "the person convicted *shall be sentenced pursuant to this section* . . . ." (Emphasis added). *This section* provides that if a person with two or more historical prior convictions is found guilty of engaging in prostitution with a minor who is 15, 16, or 17 years old, the person faces a sentencing range of a minimum sentence of 21 years, a presumptive sentence of 28 years, and a maximum sentence of 35 years. A.R.S. § 13–3212(I)(3). Because A.R.S. § 13–3212(I)(3) specifically applies to persons

---

[2]     Burgess served a 17-year prison term for one of the convictions to be followed by lifetime probation for the other conviction. He committed the offenses in this case seven months after he was released. Thus, given Burgess's intervening incarceration, his prior convictions fit within the time requirements to be considered historical prior felony convictions for sentencing purposes. *See* A.R.S. § 13–105(22)(b), (c).

convicted of child prostitution who have prior felony convictions and A.R.S. § 13–703(L) applies only generally to all repetitive offenders, A.R.S. § 13–3212(I)(3) governs Burgess's sentencing. *See State v. Johnson*, 240 Ariz. 402, 405 ¶ 13 (App. 2016) (specific statutes control over general statutes). Section 13–3212 lacks any language indicating that prior felony convictions for two or more offenses committed on the same occasion shall be counted as only one conviction; therefore, the trial court erred in counting Burgess's two historical prior felony convictions as one. Burgess should have been sentenced under A.R.S. § 13–3212(I)(3) as a person with two or more historical prior felony convictions.

**¶22** Burgess need not be resentenced, however. Burgess and the State agree that he must be sentenced to presumptive consecutive terms because Burgess was on probation when he committed the current offenses and the State did not prove any aggravating circumstances. *See* A.R.S. §§ 13–708(A); –701(C). Accordingly, pursuant to this Court's authority under A.R.S. § 13–4038, we amend the sentencing minute entry to reflect that Burgess is sentenced to presumptive consecutive terms of 28 years' imprisonment.

## CONCLUSION

**¶23** For the foregoing reasons, Burgess's convictions are affirmed and his sentences are hereby modified as indicated.



AMY M. WOOD • Clerk of the Court
FILED: AA